RICE & BRONITSKY
Paul E. Rice (State Bar No. 062509)
350 Cambridge Avenue, Suite 225
Palo Alto, CA 94306
Telephone: 650-289-9088
Facsimile: 650-289-9093
price@civlit.com

Attorneys for Plaintiffs
Mark Shepherd and Delia Shepherd

FILED
2009 MAR 31 P 2:09
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK SHEPHERD and DELIA SHEPHERD,

Plaintiffs,

v.

S3 PARTNERS, LLC; ALARIS DEVELOPMENT; THE SHIELDS FOUNDATION; NORTHWEST CONSULTING GROUP, LLC; CORINTHIAN WEALTH MANAGEMENT; GOLDEN CREST WEALTH MANAGEMENT; PIERCE ARROW INVESTORS, LLC; LIVINGSTONE CAPITAL; STAGECOACH RETAIL, LLC; SONTERRA RETAIL CENTER, LLC; MICHAEL SIMS; SAM STAFFORD; MELVIN RUSSELL SHIELDS; DAVID VAUGHN; DAVID SAMUELS; and CHASTAN SHIELDS,

Defendants.

Case No.: C09 01405 RS

COMPLAINT FOR FEDERAL AND STATE SECURITIES FRAUD, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, AND RESCISSION

DEMAND FOR JURY TRIAL

### GENERAL ALLEGATIONS

COME NOW Plaintiffs Mark Shepherd and Delia Shepherd (collectively "Shepherd") and complain against Defendants Alaris, LLC; The Shields Foundation; Northwest Consulting Group, LLC; Corinthian Wealth Management; Golden Crest Wealth Management; Pierce Arrow Investors,

1

Complaint

LLC; Livingstone Capital; Stagecoach Retail, LLC; Sonterra Retail Center, LLC; Michael Sims; Sam Stafford; Rusty Shields; David Vaughn; David Samuels; and Chastan Shields ("Defendants") as follows:

1. Plaintiff Mark Shepherd is an individual residing in the City of San Jose, County of Santa Clara, and is, and at all times relevant has been, the husband of Plaintiff Delia Shepherd.

2. Plaintiff Delia Shepherd is an individual residing in the City of San Jose, County of Santa Clara, and is, and at all times relevant has been, the wife of Plaintiff Mark Shepherd.

3. Defendant S3 Partners is a Nevada limited liability company with its last known principal place of business in the City of San Jose, California.

4. Alaris Development is a business entity of unknown form with its last known principal place of business in the City of San Jose, California.

5. The Shields Foundation is a business entity of unknown form whose principal place of business is unknown to Plaintiffs.

6. Northwest Consulting Group, LLC is a limited liability corporation whose principal place of business is believed to be in the State of North Carolina.

7. Corinthian Wealth Management is a business entity of unknown form whose principal place of business is believed to be in the City of San Jose, California.

8. Golden Crest Wealth Management is a business entity of unknown form whose last known principal place of business is believed to be in the City of San Jose, California.

9. Pierce Arrow Investors, LLC is a limited liability corporation business entity whose principal place of business is unknown to Plaintiffs.

10. Livingstone Capital is a business entity of unknown form whose principal place of business is unknown to Plaintiffs.

11. Stagecoach Retail, LLC is a limited liability corporation with its principal place of business in the State of Arizona.

12. Sonterra Retail Center, LLC is a limited liability corporation with its principal place of business in the State of Texas.

13. Defendant Michael Sims is an individual who, upon information and belief, resides in

Complaint

1  the County of Santa Clara, State of California.

2      14.     Defendant Sam Stafford is an individual who, upon information and belief, resides in
3  the County of Santa Clara, State of California.

4      15.     Defendant Melvin Russell Shields, also know as Rusty Shields, is an individual who,
5  upon information and belief, resides in the State of North Carolina.

6      16.     Defendant David Vaughn is an individual whose state of residence is unknown.

7      17.     Defendant David Samuels is an individual who, upon information and belief, resides
8  in the County of Santa Clara, State of California.

9      18.     Defendant Chastan Shields is an individual who, upon information and belief, resides
10  in the State of North Carolina.

11      19.     This Court has jurisdiction over the subject matter of this action, pursuant to Section
12  27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa. The claims
13  asserted herein arise under §§ 10(b), 14(a), and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), and
14  78t(a) and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 CFR
15  240.10b-5.

16      20.     Further, this Court has supplemental jurisdiction over the second through fifth claims
17  for relief, pursuant to the provisions of 28 U.S.C. § 1367(a), in that said claims are so related to
18  claims in the action within the Court's original jurisdiction that they form part of the same case or
19  controversy under Article III of the United States Constitution.

20      21.     Venue is proper in this District, pursuant to Section 27 of the Exchange Act, 15
21  U.S.C. 78aa, and 28 U.S.C. §§ 1391(b) and (c). On information and belief, Defendants Stafford and
22  Sims reside within said District. Further, assignment to the San Jose Division is appropriate in that a
23  substantial part of the events or omissions which gave rise to the claims referenced herein occurred
24  in Santa Clara County.

25      22.     In connection with the wrongful acts alleged in this Complaint, Defendants, directly
26  or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited
27  to, the United States mails and interstate telephone communications.

28      23.     At some or all of the times referenced herein, each Defendant was acting as the agent

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

Complaint

of each other defendant with respect to the acts and omissions alleged herein, and/or was a controlling person pursuant to 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of any other person, as to the First and Seventh Claims for Relief.

24. At some or all of the times referenced herein, each Defendant was acting as the agent of each other defendant with respect to the acts and omissions alleged herein, and/or has joint and several liability pursuant to the provisions of California Corporations Code §25504, as to the Second through Fifth Claims for Relief.

### **FIRST CLAIM FOR RELIEF (Federal Securities Fraud)**

25. Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-24, above.

26. Plaintiffs purchased securities from Defendants for which they paid the total sum of $660,000 as investments in two real estate projects entitled Sonterra Retail Center, LLC. ("Sonterra"), located in the State of Texas, and Stagecoach Retail, LLC. ("Stagecoach"), located in the State of Arizona.

27. In or around the summer of 2007, Defendants, and each of them, directly and indirectly, by the use of means and instrumentalities of interstate commerce, United States mails, and interstate telephone communications, including devices, schemes and artifices to defraud, made untrue statements to material fact, and omitted to state material facts necessary in order to make the statements made in light of the circumstances under which they were made, not misleading, engaged in acts, practices, and a course of business that operated as a fraud upon Plaintiffs, including, but not limited to, making the following untrue statements:

(a) Stating that the investments, and each of them, in Sonterra and Stagecoach, were "very secure," "very safe," and "safe, secure, tried and true," which statements were false and misleading under the circumstances.

(b) Stating that the Plaintiffs' investments were "secured by entitled land," which statement was false and misleading under the circumstances.

(c) Stating that investor funds were secured through ownership in the land, which statement was false and misleading under the circumstances.

(d) Stating that Plaintiffs would receive a return on their investment of between 12 to 15

percent per year, which investment will be returned at the end of the investment.

(e) Stating that the subject real estate was purchased with investor cash only.

(f) Stating that development funds would be borrowed from lenders.

(g) Stating the investors would not need to advance any additional funds beyond their initial investments.

28. In or around the summer of 2007, Defendants and each of them, either directly or indirectly, further failed to disclose at least the following material information, which, had all or any of such information been disclosed, Plaintiffs would not have made the investments in question:

(a) That the investors had the potential for losing all of their investments.

(b) That Sonterra and Stagecoach did not have legal title to any of the land in question.

(c) That Sonterra and Stagecoach did not have sufficient funds available to obtain loans for complete development of the subject properties.

(d) That Defendant Melvin Russell Shields had previously been convicted of at least one felony, and further, had previously filed personal bankruptcy.

29. Each Defendants named herein acted with scienter with respect to the above referenced material false and misleading statements and omissions, in that they had actual knowledge of falseness thereof and or acted with reckless disregard for the truth.

30. Defendants' material misrepresentations and material omissions were undertaken knowingly for the purpose of inducing investors to invest in the above-referenced securities.

31. Since the time of the investment, the value of Plaintiffs' interest in Stagecoach and Sonterra has dropped dramatically, all in an amount to be determined at trial.

32. Said acts and omissions constituted malice, fraud or oppression, entitling Plaintiffs to punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray judgment as follows:

## SECOND CLAIM FOR RELIEF (State Securities Fraud)

33. Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-24, above.

34. By virtue of oral and written statements Defendants, and each of them, in or around the summer of 2007, made untrue statements of material fact to wit:

5

Complaint

(a) Stating that the investments, and each of them, in Sonterra and Stagecoach, were "very secure," "very safe," and "safe, secure, tried and true," which statements were false and misleading under the circumstances.

(b) Stating that the Plaintiffs' investments were "secured by entitled land," which statement was false and misleading under the circumstances.

(c) Stating that investor funds were secured through ownership in the land, which statement was false and misleading under the circumstances.

(d) Stating that Plaintiffs would receive a return on their investment of between 12 to 15 percent per year, which investment will be returned at the end of the investment.

(e) Stating that the subject real estate was purchased with investor cash only.

(f) Stating that development funds would be borrowed from lenders.

(g) Stating the investors would not need to advance any additional funds beyond their initial investments.

35. Defendants, and each of them, in or around the summer of 2007, omitted to make the following statements of material facts necessary, to make the statements made, in light of the circumstances under which they were made, not misleading:

(a) That the investors had the potential for losing all of their investments.

(b) That Sonterra and Stagecoach did not have clear legal title to any of the land in question.

(c) That Sonterra and Stagecoach did not have sufficient funds available to obtain a loan to fully develop of the subject properties.

(d) That Defendant Melvin Russell Shields had previously been convicted of at least one felony, and further, had previously filed personal bankruptcy.

36. Each Defendants named herein acted with scienter with respect to the material false and misleading statements and omissions made, in that they had actual knowledge of falsity of said statements and or acted with reckless disregard for the truth.

37. Defendants' material misrepresentations and material omissions were undertaken knowingly for the purpose of inducing investors to invest in the above-referenced securities. and/or

omitted to state material facts necessary to make the statements not misleading in light of the circumstances under which they were made,

38. A reasonable investor would attach importance to these representations of fact and failures to disclose in determining his or her own course of action. Plaintiffs placed considerable importance on these statements in determining whether to purchase their interest in Stagecoach and Sonterra.

39. Plaintiffs actually and justifiably relied on Defendants' material misstatements and omissions, all to Plaintiffs' damage.

40. Pursuant to California Corporations Code § 25501, Plaintiffs are entitled to rescission and damages by virtue of Defendants' violation of Corporations Code § 25401 as to all Defendants. Plaintiffs hereby tender the securities purchased for rescission, pursuant to California Corporations Code § 25501.

**WHEREFORE**, Plaintiffs pray judgment as follows:

### THIRD CLAIM FOR RELIEF (Intentional Misrepresentation)

41. Plaintiffs incorporate by reference, as though set forth in full, ¶¶1-24, 34, and 35, above.

42. The material misrepresentations and material omissions referenced above were fraudulent at the time made.

43. When Defendants made said misrepresentations and failed to disclose said omissions they knew them to be false.

44. Said misrepresentations and failures to disclose were done with the intent to deceive and defraud Plaintiffs.

45. Plaintiffs were ignorant of the falsity of Defendants' representations and the trust of the non-disclosed matters, and believed them to be true. In actual and justifiable reliance on said misrepresentations and failures to disclose, Plaintiffs were induced to, and did, invest the sum of $660,000 in Stagecoach and Sonterra. Plaintiffs' reliance on Defendants' fraudulent misrepresentation was reasonable and justified under the circumstances.

46. As a proximate result of the fraudulent conduct of Defendants, Plaintiffs have suffered

Complaint

damages in an amount not yet determined, but in excess of the jurisdictional minimums of this Court.

47. Defendants' acts of intentional misrepresentation and concealment of material facts constituted malice, fraud, or oppression, thus entitling Plaintiffs to exemplary and punitive damages, in addition to actual damages suffered.

**WHEREFORE**, Plaintiffs pray judgment as follows:

### FOURTH CLAIM FOR RELIEF (Negligent Misrepresentation)

48. Plaintiffs incorporate by reference, as though set forth in full below, ¶¶ 1-24, 34 and 35 above.

49. Defendants made the above-referenced misrepresentations without any reasonable ground for believing them to be true and negligently omitted to advise Plaintiffs of the matters referenced in ¶¶ 34 and 35, above. Plaintiffs' reliance on Defendants' representations was justified.

50. As a result of said representations, Plaintiffs invested the sum of $660,000 in Stagecoach and Sonterra, which investment has been fully or substantially lost, all to Plaintiffs' damage in an amount not yet determined.

**WHEREFORE**, Plaintiffs pray judgment as follows:

### FIFTH CLAIM FOR RELIEF (Rescission)

51. Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-24, 34 and 35, above.

52. By virtue of the negligent and/or intentional misrepresentations by Defendants, and each of them, and of the negligent or intentional concealment of material facts, either indirectly and/or directly, regarding Plaintiffs' investment in Stagecoach and Sonterra, Plaintiffs, and each of them, are entitled to rescission of the underlying purchase contracts and to restitution of all amounts paid by them with respect thereto, and further, pursuant to California Civil Code Section 1689 and as otherwise permitted by law, and to all other damages and remedies as permitted by law.

53. As a separate basis for rescission, as the securities sold by Defendants to Plaintiffs were neither qualified for sale, nor exempt therefrom, Plaintiffs are entitled to, and hereby demand rescission of the purchase of said securities, pursuant to California Corporations Code § 25503 and other applicable law, and to all other damages and remedies as permitted by law.

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

8

Complaint

1  WHEREFORE, Plaintiffs pray judgment as follows:
2      1. For damages according to proof;
3      2. For punitive or exemplary damages on the First and Third Claims for Relief;
4      3. For rescission of the underlying transactions, and for restitution;
5      4. For interest;
6      5. For attorneys' fees;
7      6. For costs;
8      7. For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Dated: March 31, 2009

**RICE & BRONITSKY**

By: _____
Paul E. Rice
Attorneys for Plaintiffs
Mark Shepherd and Delia Shepherd

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

9

Complaint