| | |
|---|---|
| 1 | GREGORY CHARLES, ESQ., BAR NO. 208583 |
|   | CAMPEAU GOODSELL SMITH |
| 2 | 440 North First Street, Ste. 100 |
|   | San Jose, California 95112 |
| 3 | Telephone: 408.295.9555 |
|   | Facsimile: 408.852.0233 |
| 4 | gcharles@campeaulaw.com |

Counsel for S3 Partners, LLC; The Shields Foundation; Northwest Consulting Group, LLC; Livingstone Capital; Stagecoach Retail, LLC; Sonterra Retail Center, LLC; Melvin Russell Shields; and Chastan Shields

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MARK SHEPHERD AND DELIA SHEPHERD** | Case No. 09-CV-01405 RMW |
| PLAINTIFFS, | **NOTICE OF MOTION AND MOTION TO DISMISS THE 1ST CLAIM FOR RELIEF; 2ND CLAIM FOR RELIEF; 3RD CLAIM FOR RELIEF; 4TH CLAIM FOR RELIEF; AND ALTERNATIVE ALLEGATIONS OF THE 4TH CLAIM FOR RELIEF PURSUANT TO RULE 9(B), RULE 12(B)(6), AND THE PRIVATE SECURITIES LITIGATION REFORM ACT.** |
| v. | |
| **S3 PARTNERS, LLC, ALARIS DEVELOPMENT; THE SHIELDS FOUNDATION; NORTHWEST CONSULTING GROUP, LLC; CORINTHIAN WEALTH MANAGEMENT; GOLDEN CREST WEALTH MANAGEMENT; PIERCE ARROW INVESTORS, LLC; LIVINGSTONE CAPITAL; STAGECOACH RETAIL, LLC; SONTERRA RETAIL CENTER, LLC; MICHAEL SIMS; SAM STAFFORD; MELVIN RUSSELL SHIELDS; DAVID VAUGHN; DAVID SAMUELS; CHASTAN SHIELDS; AND DOUG BURKE,** | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| Defendants. | Hearing |
| | Date: November 13, 2009 |
| | Time: 9:00 a.m. |
| | Place: 280 S. 1st Street |
| | San Jose, California |
| | Courtroom 6, 4th Floor |

\\

\\

\\

Motion to Dismiss

i

# TABLE OF CONTENTS

I.   NOTICE OF MOTION AND MOTION ........................................................... 1

II.  MEMORANDUM OF POINTS AND AUTHORITIES ................................... 2

    A.   Introduction ................................................................................................ 2

    B.   Procedural History ..................................................................................... 2

    C.   Statement of Facts ...................................................................................... 3

    D.   Argument .................................................................................................... 3

        1.   The standard that is applicable to the instant motion ................ 3

        2.   Since the 1st Claim for Relief fails to satisfy the requirements of Rule 9(b) and the PSLRA, the 1st Am. Complaint fails to state a cause of action against S3, Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields pursuant to § 10(b) of the Exchange Act .................................... 4

            a)   Elements of a claim under §10(b). .................................... 4

            b)   Since there are no particularized allegations against Foundation, Northwest, Chastan Shields, Livingstone, Stagecoach, and Sonterra, the 2nd Am. Complaint fails to state a claim pursuant to § 10(b) of the Exchange Act against these parties. ................................................. 5

            c)   Since 2nd Amended Complaint does not allege a misrepresentation of fact by the Defendants, it fails to allege a claim pursuant to § 10(b) of the Exchange Act ............................................................... 7

            d)   Since 2nd Amended Complaint does not allege an omission of fact by the Defendants, it fails to allege a claim pursuant to § 10(b) of the Exchange Act ............................................................................. 9

            e)   Since 1st Am. Complaint fails to plead scienter, it does not state a claim pursuant to § 10(b) of the Exchange Act. .......................................................... 9

            f)   Since the 2nd Am. Complaint fails to plead loss causation, it does not state a claim pursuant to

§ 10(b) of the Exchange Act. ............................................. 10

      g)    Since 2nd Am. Complaint fails to state a claim for relief against the Defendants pursuant to § 20(a) of the Exchange Act, the 1st Claim for Relief should be dismissed. ............................................. 11

   3.    In the 2nd Claim for Relief, the 2nd Am. Complaint fails to state a cause of action pursuant to Cal. Corp. §§ 25401 and 25501. .................................................................. 12

      a)    Since the 2nd Claim for Relief only alleges privity with S3, it fails to state a claim against Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields. ............................................................. 12

      b)    Since the 2nd Claim for Relief fails to satisfy the requirements of Rule 9(b), it fails to state a claim against the Defendants. ........................................ 13

   4.    Since the 2nd Am. Complaint fails to plead fraud with particularity pursuant to Rule 9(b), the 3rd, 4th, 5th, and portions of 6th Claims for Relief should be dismissed. ............................................................................. 13

   5.    Since the 2nd Am. Complaint only alleges privity with S3, the 6th Claim for Relief fails to state a claim against Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields. ...................................................................... 14

E.    Conclusion ...................................................................................... 15

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

# TABLE OF AUTHORITIES

## CASES

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ............................................................. 3
*Chiarella v. U.S.*, 445 U.S. 222 (1980) ............................................................................... 8
*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ........................................................ 10
*Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir.2002) ........................................ 8, 11
*Furla v. Jon Douglas Co.*, (1998) 65 Cal. App. 4th 1069 ................................................ 14
*Howard v. Everex Sys.*, 228 F.3d 1057 (9th Cir. 2000) ................................................... 11
*In re Daou Systems, Inc.*, 411 F.3d 1006 (9th Cir. 2005) ................................................ 13
*In re Gilead Sciences Securities Litig.*, 536 F.3d 1049 (9th Cir. 2008) ..................... 4, 10
*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir.1994) ............................................ 4
*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999) ........................... 5, 9
*In re Verifone Sec. Litig.*, 11 F.3d 865 (9th Cir. 1993) ................................................... 11
*Kainos Laboratories, Inc. v. Beacon Diagnostics, Inc.*,
1998 WL 2016634 (N.D. Cal. 1998) .................................................................................. 8
*Lazar v. Superior Court*, (1996) 49 Cal.Rptr.2d 377 ..................................................... 13
*Lubin v. Sybedon Corp.* 688 F.Supp. 1425 (S.D.Cal.,1988) ............................................. 9
*McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) ................................... 10, 11
*Metzler Investment v. Corinthian Colleges*, 540 F.3d 1049 (9th Cir. 2008) ........... 7, 8, 9
*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir.1989) .................. 5, 6, 7
*No. 84 Employer-Teamster Joint Council Pension Trust Fund v.*
*America West Holding Corp.*, 320 F.3d 920 (9th Cir. 2003) ............................................ 8
*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ...................................................... 3, 10, 11
*S.E.C. v. Seaboard Corp.*, 677 F.2d 1289 (9th Cir. 1982) .............................................. 12
*South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008) ................................ 5, 9
*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................. 5, 6, 7
*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................ 13, 14
*Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir.1999) ........................................ 4

## STATUTES

§ 10(b) of the Securities Exchange Act of 1934 ......................................................... passim
§ 20(a) of the Securities Exchange Act of 1934 ......................................................... passim
§ 27 of the Securities Exchange Act of 1934 .................................................................... 2
15 U.S.C. § 78j(b) ............................................................................................................. 4
15 U.S.C. § 78t-4(a) ................................................................................................... 10, 11
15 U.S.C. § 78u-4(b)(1) ..................................................................................................... 4
15 U.S.C. § 78u-4(b)(2) .................................................................................................. 5, 9
15 U.S.C. § 78u-5(c)(2) ..................................................................................................... 8
Cal. Civ. Code § 1689 ................................................................................................ 13, 14
Cal. Civ. Code § 1692 ...................................................................................................... 14
Cal. Corp. § 25401 ............................................................................................... 1, 11, 12
Cal. Corp. § 25501 ......................................................................................... 1, 11, 12, 14
Cal. Corp. Code § 25503 ................................................................................................ 14
Cal. Corp. Code § 25504 ........................................................................................... 12, 14
Private Securities Litigation Reform Act of 1995 ..................................................... passim

## RULES

Fed. R. Civ. Pro. 12(b)(6) .......................................................................................... i, 2, 3
Fed. R. Civ. Pro. 9(b) ................................................................................................ passim

## REGULATIONS

17 C.F.R. § 240.10B-5 ....................................................................................................... 4

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

## TREATISES

9 Witkin, Summary 10th (2005) Corp, § 446 .................................................................. 14

## I. NOTICE OF MOTION AND MOTION

TO THE HONORABLE RONALD M. WHYTE AND MARK SHEPHERD AND DELIA SHEPHERD (THE "SHEPHERDS") AND THEIR ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE THAT on November 13, 2009 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113 Defendants S3 Partners, LLC ("S3"); The Shields Foundation ("Foundation"); Northwest Consulting Group, LLC ("Northwest"); Livingstone Capital ("Livingstone"); Stagecoach Retail, LLC ("Stagecoach"); Sonterra Retail Center, LLC ("Sonterra"); Melvin Russell Shields ("Rusty Shields"); and Chastan Shields (collectively "Defendants") will and hereby do move this Court to dismiss the 1st, 2nd, 3rd, 4th, 5th, and 6th Claims for Relief enumerated in the Plaintiffs' Seconded Amended Complaint ("2nd Am. Complaint").  This motion to dismiss is made and predicated upon the following considerations:

1. The 1st Claim for Relief, invoking § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), fails to satisfy the requirements of Fed. R. Civ. Pro. ("Rule") 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Since the 1st Claim for Relief, invoking § 10(b) of the Exchange Act, fails to allege a primary violation, the 2nd Am. Complaint fails to state a claim pursuant to § 20(a) of the Exchange Act.

3. The 2nd Claim for Relief fails to state a cause of action pursuant to Cal. Corp. §§ 25401 and 25501.

4. The 3rd, 4th, 5th, and portions of 6th Claims for Relief fail to plead fraud with particularity pursuant to Rule 9(b).

5. The 6th Claim for Relief fails to allege privity with Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields.

The motion is supported by the following Memorandum of Points and

1 Authorities, such arguments that may be presented at the hearing of the motions, and
2 the entire record of this proceeding.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

This matter is before the Court on a motion by the Defendants to dismiss the 1st through 6th Claims for relief pursuant to Rule 12(b)(6). While the 2nd Am. Complaint asserts federal securities claims against nine entities and seven individuals, it relies almost exclusively upon collective allegations against all defendants in express contravention to Rule 9(b) and the PSLRA.[1] The supplemental claims fail to allege privity with several Defendants and also fail to satisfy Rule 9(b). Consequently, the motion should be granted. Finally, the Shepherds have amended their complaint twice, and the second amendment occurred in the face of a dispositive motion alleging the same deficiencies noted herein. Therefore, leave to amend should not be granted.

### B. PROCEDURAL HISTORY

The Plaintiffs in this action filed their complaint on April 27, 2009 (Doc. 1). It alleges causes of action pursuant to § 27 of the Exchange Act. Specifically, the claims arose under §§ 10(b), 14(a) and 20(a) of the Exchange Act. The Plaintiffs also asserted supplemental claims under California law. On April 27, 2009, the Shepherds filed their First Amended Complaint ("1st Am. Complaint") (Doc. 7). It also asserted claims arising under §§ 10(b), 14(a), and 20(a) of the Exchange Act. In response, the Defendants filed a motion to dismiss and a motion to strike. Recognizing the defective nature of the 1st Am. Complaint, the Plaintiffs proposed amending their complaint for a second time to avoid costly motion practice, and the Defendants agreed. The Plaintiffs filed their Second Amended Complaint ("2nd Am. Complaint") on August 24,

---

[1] The entity parties include S3, Alaris Development, Foundation, Northwest, Corinthian Wealth Management, Golden Crest Wealth Management, Pierce Arrow Investors, LLC, Livingstone, Stagecoach, and Sonterra. The individual parties are Michael Sims, Sam Stafford, Rusty Shields, David Vaughn, David Samuels, Chastan Shields, and Doug Burke.

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

1  2009, abandoned their § 14(a) claim, and alleged causes of action under §§ 10(b) and
2  20(a) of the Exchange Act, as well as state law claims.  While the plaintiffs include
3  some additional factual allegations, the 2nd Am. Complaint largely ignores the
4  considerations raised in the original motion.  Consequently, the Defendants now move
5  to dismiss the 2nd Am. Complaint.

C. STATEMENT OF FACTS

In the context of this motion, the following allegations are considered true.  S3 is a Nevada company with its principal place of business in San Jose, California (¶3).[2]  Foundation is a business entity of unknown form (¶5).  Northwest is a corporation whose principal place of business is located in North Carolina (¶6).  Livingstone is a business entity of unknown form (¶10).  Stagecoach is a corporation with its principal place of business in Arizona (¶11).  Sonterra is a corporation with its principal place of business in Texas (¶12).  Rusty Shields and Chastan Shields reside in of North Carolina (¶¶ 18 & 23).  Plaintiffs purchased securities for which they paid the total sum of $660,000 as investments in Sonterra and Stagecoach (¶45).  The value of Plaintiffs' interest in Stagecoach and Sonterra is now substantially less than the $660,000, all in an amount to be determined at trial (¶43).

D. ARGUMENT

1. **The standard that is applicable to the instant motion.**

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  To survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965 (internal citations

---
[2] Unless otherwise noted, all ¶ references refer to the 2nd Am. Complaint.

Motion to Dismiss
3

omitted).

> 2. Since the 1st Claim for Relief fails to satisfy the requirements of Rule 9(b) and the PSLRA, the 1st Am. Complaint fails to state a cause of action against S3, Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields pursuant to § 10(b) of the Exchange Act.

>> a) Elements of a claim under §10(b).

The 1st Claim for Relief is asserted against all defendants and is enumerated at ¶¶ 1-30, 32-43, and 44-51.  § 10(b) of the Exchange Act makes it unlawful for any person to "use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5 (Rule 10b-5).  To state a claim under § 10(b), a plaintiff must allege: "(1) a misrepresentation or omission of material fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiffs must plead fraud with particularity, pursuant to Rule 9(b).  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1543 (9th Cir.1994) (en banc).  Under Rule 9(b), a complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, and how or why the representation was false or misleading. *Id.* at 1547-49.  Because the plaintiff must set forth what is false or misleading about a particular statement, he or she must do more than simply allege the neutral facts necessary to identify the transaction; he or she must also explain why the disputed statement was untrue or misleading at the time it was made. *Yourish v. California Amplifier*, 191 F.3d 983, 992-93 (9th Cir.1999).

Pursuant to the requirements of the PSLRA, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."15 U.S.C. § 78u-4(b)(1).  A plaintiff must also "state with

1  particularity ... facts giving rise to a strong inference that the defendant acted with the
2  required state of mind." 15 U.S.C. § 78u-4(b)(2).  The Ninth Circuit recently addressed
3  the PSLRA's scienter requirement in *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776
4  (9th Cir. 2008).

> [T]he PSLRA's heightened pleading standard appears to require individualized allegations as to scienter. 15 U.S.C. § 78u-4(b)(2).  The Court does not read *Tellabs* as excusing Plaintiffs from the plain requirements of the statute that the complaint shall "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* at 784.

The "required state of mind" is "deliberate[ ] reckless[ness] or conscious misconduct." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999).  The 1st Claim for Relief does not satisfy this burden.

      b)    **Since there are no particularized allegations against Foundation, Northwest, Chastan Shields, Livingstone, Stagecoach, and Sonterra, the 2nd Am. Complaint fails to state a claim pursuant to § 10(b) of the Exchange Act against these parties.**

"Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and ellipsis omitted).  Moreover, "in the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989).

Despite these clear mandates, the 2nd Am. Complaint relies almost exclusively upon collective allegations against "Defendants" and omits specific averments against several parties.  For example, Foundation, Northwest, and Chastan Shields are identified as parties in ¶¶ 5, 6, and 23, but specific allegations are not made against these defendants.  Further, Livingstone is identified as a party in ¶ 10.  Thereafter, the 2nd Am. Complaint alleges that Messrs. Sims, Stafford, and Shields were "upon

information and belief, … principal[s], officer[s], director[s], manager[s] and/or member[s] of … Livingstone…" (¶¶ 15, 17, & 19). Specific allegations, however, are not made against these defendants, and the 2nd Am. Complaint does not state with particularity all facts on which allegations based upon information and belief are formed. In fact, ¶ 41 generally references a website, certain categories of documents, and non attributed statements. Therefore, the motion should be granted. *Swartz* and *Moore, supra.*

The allegations against Stagecoach and Sonterra are equally deficient. These entities are identified as parties in ¶¶ 11 and 12. The 2nd Am. Complaint also alleges that Messrs. Sims, Stafford, and Shields were "upon information and belief, … principal[s], officer[s], director[s], manager[s] and/or member[s] of Stagecoach … and Sonterra …" (¶¶ 15, 17, & 19). As with Livingstone, the 2nd Am. Complaint does not identify the roles played by Stagecoach and Sonterra in the alleged fraudulent scheme and fails to state particular facts supporting allegations made on information and belief. Therefore, the motion should be granted as to these parties. *Swartz* and *Moore, supra.*

In response, the Shepherds certainly will look to the general averments regarding agency and control enumerated in ¶ 30.

> At some or all of the times referenced herein, with respect to the acts and omissions alleged herein, each Defendant was acting as the agent of each other Defendant and/or was a controlling person pursuant to 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of any other person, and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934.

The Ninth Circuit, however, directly addressed this issue in *Swartz* and held that generic allegations are insufficient under Rule 9.

> The complaint is shot through with general allegations that the "defendants" engaged in fraudulent conduct but attributes specific misconduct only to KPMG and B & W. Conclusory allegations that Presidio and DB "knew that[KPMG and B & W] were making … false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B & W]" and "were acting as agents [of KPMG and B & W]" and were "active participants in the conspiracy" without any stated

factual basis are insufficient as a matter of law.

Consequently, the motion to dismiss the 1st Claim for Relief should be granted as to Foundation, Northwest, Chastan Shields, Livingstone, Stagecoach, and Sonterra.

    c) **Since 2nd Amended Complaint does not allege a misrepresentation of fact by the Defendants, it fails to allege a claim pursuant to § 10(b) of the Exchange Act.**

As noted, the 1st Claim for Relief must allege a misrepresentation of a material fact. The following chart indicates the paragraphs of the 2nd Am. Complaint alleging misrepresentations of fact and the party associated with the statement.

| No. | Party | Paragraph(s) |
| --- | --- | --- |
| 1 | "Defendants" | 32, 33, 34, 36, 37, 38, 40, 42, 45, 46(a), 46(c), 46(d), 46(q), 46(r), 46(s), 46(t), 46(u), 46(v), 46(x), 46(y) and, 46(z) |
| 2 | S3 | 35 |
| 3 | Rusty Shields | 35, 46(b), 46(e), 46(h) 46(i) 46(j) 46(k), 46(l), 46(o), and 46(p) |
| 4 | Sims | 35, 46(f), 46(g), 46(k), 46(n) |
| 5 | Stafford | 35, 39, 46(l), 46(m) |
| 6 | Samuels | 46(l) |

Since Category 1 includes collective allegations regarding all "Defendants," these averments cannot support the 1st Claim for Relief. *Swartz* and *Moore, supra*.

With two exceptions, Categories 2, 4, 5, and 6 do not plead specific facts indicating the falsity of the statements. For example, the allegations of ¶46(k) simply indicate that the "statements were false and misleading under the circumstances, or were made with reckless disregard to falsity …" These allegations, however, cannot support a claim made pursuant to § 10(b). *Metzler Investment v. Corinthian Colleges,* 540 F.3d 1049, 1070 (9th Cir. 2008) ("A litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statement were false, does not meet this standard").

¶46(l) alleges that Rusty Shields made statements that the investments paid "very predictable returns." Thereafter, the following allegation purportedly

demonstrates the falsity of the statement, "Defendants had no prior history of complete success with such development projects …"  ¶46(l) also alleges, "[Rusty Shields] stated that there were only two risks to investments made by Plaintiff…"  It then identifies other purported risks, somehow rendering the statement false.  These allegations, however, do not satisfy Rule 9(b) and the PSLRA as a matter of law. *Metzler, supra*. This consideration notwithstanding, the alleged misstatements are forward looking.

"A 'forward-looking statement' is any statement regarding (1) financial projections, (2) plans and objectives of management for future operations, (3) future economic performance, or (4) the assumptions 'underlying or related to' any of these issues." *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.,* 320 F.3d 920, 936 (9th Cir. 2003).  Relating to future operations and economic performance, the statements attributed to Rusty Shields in ¶46(l) are forward looking.  Further, the 2nd Am. Complaint does not allege actual knowledge of falsity by Rusty Shields.  Consequently, the PSLRA provides a safe harbor for these forward-looking statements, and ¶46(l) cannot support the 1st Claim for Relief. 15 U.S.C. § 78u-5(c)(2).

With respect to alleged misrepresentations, a final allegation requires brief comment.  According to ¶ 46(b), Rusty Shields stated, "The (sic) Plaintiff's investments were 'secured by entitled land' and 'secured by real estate.'"  ¶ 46(b) then suggests that the statement was false because, "Defendants intended to encumber the land to be purchased with investor funds."  The 2nd Am. Complaint, however, does not all any facts supporting this inference.  Therefore, the allegation cannot support the claim. *Falkowski v. Imation Corp.,* 309 F.3d 1123, 1133 (9th Cir.2002) ("The allegations consist of vague claims about what statements were false or misleading, how they were false, and why we can infer intent to mislead.  We have dismissed much more specific and compelling allegations").  Further, according to the 2nd Am. Complaint, the statement was true when it was made.  Therefore, it cannot support the 1st Claim for Relief. *Kainos Laboratories, Inc. v. Beacon Diagnostics, Inc.,* 1998 WL 2016634 (N.D.

1   Cal. 1998).

2             d)      **Since 2nd Amended Complaint does not allege an omission of fact by the Defendants, it fails to allege a claim pursuant to § 10(b) of the Exchange Act.**

While the 1st Claim for Relief identifies several purported omissions of fact (¶¶ 47-48), it does not allege an obligation to disclose these facts.  Thus, the alleged omissions do not support the claim. *Chiarella v. U.S., 445 U.S. 222, 230* (1980).  More importantly, Rule 9(b) applies to both misstatements and omissions of fact.

> [C]ourts must be especially attentive to a plaintiff's "dragnet" tactic of indiscriminately grouping all of the individual defendants into one wrongdoing monolith … Although in paragraphs 91 through 95 of the First Amended Complaint Lubin painstakingly lists the offering documents' alleged misstatements and omissions, he neither attributes these statements to the stating defendant nor differentiates among the defendants' disparate responsibilities for the statements … The First Amended Complaint thus presents a classic instance of pleading a "monolithic enterprise." As such, it cannot survive this Rule 9(b) challenge. *Lubin v. Sybedon Corp.* 688 F.Supp. 1425, 1443 - 1444 (S.D.Cal.,1988).

As in *Lubin*, the alleged omissions of fact in ¶¶ 47-48 are generally attributed to all "Defendants."  Consequently, these alleged omissions cannot support a § 10(b) cause of action, and the 1st Claim for Relief should be dismissed.

          e)      **Since 1st Am. Complaint fails to plead scienter, it does not state a claim pursuant to § 10(b) of the Exchange Act.**

The 2nd Am. Complaint must "state with particularity ... facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).  The "required state of mind" is "deliberate[ ] reckless[ness] or conscious misconduct." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970 (9th Cir. 1999).  In this context, "The complaint must contain allegations of specific contemporaneous 'statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001); *Metzler,* 540 F.3d at 1065-69.

Notably, the PSLRA's heightened pleading standard requires individualized allegations as to scienter. *South Ferry,* 542 at 784.  In the present matter, however,

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

the 2nd Am. Complaint omits individualized allegations and merely offers a legal conclusion without any supporting averments.

> Each (sic) Defendants named herein acted with scienter with respect to the above referenced material false and misleading statements and omissions, in that they had actual knowledge of falseness thereof and or acted with reckless disregard for the truth (¶50).

Without associated factual allegations, however, these legal conclusions are properly disregarded, and the claim must be dismissed. *Papasan*, 478 U.S. at 286; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

### f) Since the 2nd Am. Complaint fails to plead loss causation, it does not state a claim pursuant to § 10(b) of the Exchange Act.

With respect to loss causation, the 2nd Am. Complaint must allege that the Shepherds paid an artificially inflated price for the securities at issue, and the price fell "after the truth became known" regarding the Defendants' alleged material misrepresentations. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 344 (2005). In other words, the 2nd Am. Complaint must allege a mispricing caused by the securities violation, followed by a subsequent price correction caused when the market appreciated (or began to appreciate) the truth. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008). Otherwise, the alleged violations cannot have proximately caused whatever loss the plaintiff suffered. Despite this issue being raised in the first motion to dismiss, the only allegation regarding loss is enumerated in ¶ 43.

> The value of Plaintiff's interest in Stagecoach and Sonterra is now substantially less than the $660,000 Plaintiff invested with Defendants, all in an amount to be determined at trial.

In this context, a single allegation of diminished value is not sufficient to plead that fraud constituted or proximately caused a relevant economic loss. *Dura,* 544 U.S. at 342-43. Thus, the 2nd Am. Complaint fails to plead a cause of action pursuant to § 10(b) of the Exchange Act.

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

g) **Since 2nd Am. Complaint fails to state a claim for relief against the Defendants pursuant to § 20(a) of the Exchange Act, the 1st Claim for Relief should be dismissed.**

Under § 20(a) of the Exchange Act, any person who controls a person liable for violating § 10(b) may be jointly and severally liable for the violation. 15 U.S.C. § 78t(a). Here, the 2nd Am. Complaint pleads causes of action against nine entities and seven individuals but relies almost exclusively upon collective allegations that are insufficient to establish a primary violation pursuant to Rule 9(b) and the PSLRA.

Moreover, only one paragraph of the 2nd Am. Complaint speaks to the actions of a corporate defendant. ¶35 alleges that S3 misrepresented the (1) risk involved, (2) experience of the of the defendants, and (3) involvement of the investors. Even if this were an actionable misrepresentation, the 2nd Am. Complaint fails to allege scienter and loss causation with respect to S3. *Falkowski, supra.* Absent allegations of a primary violation by a corporate defendant, a court may summarily dismiss a § 20(a) claim. *In re Verifone Sec. Litig.*, 11 F.3d 865, 872 (9th Cir. 1993).

Further, a plaintiff must allege that: "(1) the defendant had the power to influence or control the primary violator and (2) the defendant actively used this influence or control so as to be a 'culpable participant' in the primary violation." *Howard v. Everex Sys.,* 228 F.3d 1057, 1065 (9th Cir. 2000) (citation omitted). Here, the 2nd Amended complaint is completely deficient and simply alleges.

> At some or all of the times referenced herein, each Defendant was acting as the agent of each other defendant with respect to the acts and omissions alleged herein, and/or was a controlling person pursuant to 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of any other person, as to the First and Seventh Claims for Relief (¶ 30).

A legal conclusion regarding the Defendants' collective status as controlling persons, without associated factual considerations, however, is properly disregarded. *Papasan,* 478 U.S. at, 286; *McGlinchy,* 845 F.2d at 810. Since the 2nd Am. Complaint does not allege that the Defendants actively used influence or control so as to be a 'culpable participant' in the primary violation, the § 20(a) claim must be dismissed.

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

Motion to Dismiss
11

3. **In the 2nd Claim for Relief, the 2nd Am. Complaint fails to state a cause of action pursuant to Cal. Corp. §§ 25401 and 25501.**

   a) Since the 2nd Claim for Relief only alleges privity with S3, it fails to state a claim against Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields.

The 2nd Claim for Relief is directed to all defendants (¶63) and seeks rescission and damages under California law. Pursuant to Cal. Corp. Code § 25401, it is unlawful to sell a security in California by either misstatements or omissions of material fact. § 25501 provides that any person who violates § 25401 shall be liable for either rescission or damages.

In *S.E.C. v. Seaboard Corp.*, 677 F.2d 1289 (9th Cir. 1982), the Ninth Circuit held that § 25401 requires actual privity and affirmed a dismissal of a claim against an agent for a corporation in connection with another company's purchase of stock. *Id*. at 1296. Here, the 2nd Am. Complaint specifically alleges, "[P]urchases were made by Plaintiff executing Operating Agreements with Defendant S3 for both Sonterra and Stagecoach, and paying such purchase price." (¶45). Consequently, the Shepherds lack privity with Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields.

Despite the clear pronouncement of the Ninth Circuit, however, the Shepherds will certainly rely upon their passing reference to Cal. Corp. Code § 25504 (¶ 31) providing for joint and several liability of principals and agents for violations of §§ 25501 and 25503. Despite this consideration, however, actual privity is still required for a § 25501 claim.

> Riverhead's timely claim alleges all defendants except Lord Bissell violated Cal. Corp. Code § 25501, which states: "Any person who violates Section 25401 shall be liable to the person who purchases a security from him or sells a security to him." Liability is limited to actual sellers. *SEC v. Seaboard Corp. (Admiralty Fund v. Jones)*, 677 F.2d 1289, 1296 (9th Cir.1982). Because there are no allegations that Michael was an actual seller of the Series "C" Certificate, Michael cannot be liable under § 25501. Michael also cannot be subject to control person liability under § 25504. "Section 25504, by its terms, applies to violations of section 25501. Hence, strict privity is still required." *In re Diasonics,* 599 F.Supp. at 459. *In re National Mortg. Equity Corp. Mortg. Pool Certificates Securities*

Motion to Dismiss
12

*Litigation*, 636 F.Supp. 1138, 1170 (C.D.Cal.,1986).

Therefore, the 2nd Claim for Relief fails to state a cause of action against Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields, and the motion should be granted.

      b) **Since the 2nd Claim for Relief fails to satisfy the requirements of Rule 9(b), it fails to state a claim against the Defendants.**

The 2nd Claim for Relief is enumerated in ¶¶ 52-63 of the 2nd Am. Complaint, and it incorporates ¶¶ 1-29 and 31-51 by reference. Notably, these allegations do not address negligent conduct but incorporate the same allegations of fraud purportedly supporting the 1st Claim for Relief. Therefore, the instant matter is analogous to *In re Daou Systems, Inc.*, 411 F.3d 1006, 1028 (9th Cir. 2005). There court stated.

> The complaint fully incorporates all allegations previously averred in the complaint for purposes of all their claims. Because the complaint makes a "wholesale adoption" of the securities fraud allegations for purposes of the Securities Act claims, this court need not "sift through allegations of fraud in search of some 'lesser included' claim of strict liability"; indeed, plaintiffs here never rely on such conduct as negligence or mistake in stating their claims. *Cf. Vess,* 317 F.3d at 1105-06. Thus, all of plaintiffs' claims, whether including an element of fraud or not, must satisfy the heightened pleading standard set out in Rule 9(b). *See In re Stac,* 89 F.3d at 1404-05.

Consequently, the 2nd Claim for Relief is subject to Rule 9(b), and any collective allegations using the term "Defendants" cannot support that claim.[3]

      4. **Since the 2nd Am. Complaint fails to plead fraud with particularity pursuant to Rule 9(b), the 3rd, 4th, 5th, and portions of 6th Claims for Relief should be dismissed.**

The 3rd and 4th Claims for Relief (¶¶ 64-70 & ¶¶ 71-74) respectively seek damages for intentional misrepresentation and negligent misrepresentation under California

---

[3] Notably, California law embraces the same standard. *Lazar v. Superior Court*, (1996) 49 Cal.Rptr.2d 377, 385 ("In California, fraud must be pled specifically; general and conclusory allegations do not suffice ... This particularity requirement necessitates pleading *facts* which show how, when, where, to whom, and by what means the representations were tendered").

CAMPEAU GOODSELL SMITH
A Law Corporation
San Jose, California

Motion to Dismiss
13

law.  The 5th claim for relief (¶¶ 75-82) seeks damages for fraud in the inducement.  The 6th Claim for Relief, in part, seeks rescission and restitution based upon Cal. Civ. Code § 1689.

The claims incorporate ¶¶ 1-43 and 45-51 by reference.  As previously noted, these paragraphs allege fraud purportedly supporting the First Claim for Relief.  Although California law is analogous, the 3rd, 5th, and 6th claims are undisputedly governed by Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Further, "negligent misrepresentation is a form of 'actual fraud …'" *Furla v. Jon Douglas Co.*, (1998) 65 Cal. App. 4th 1069, 1077.  Therefore, the 4th Claim for Relief is also subject to Rule 9(b).

As previously noted, the 2nd Am. Complaint fails to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.  Thus, the 3rd, 4th, 5th, and portions of 6th Claims for Relief must be dismissed.

     5.    **Since the 2nd Am. Complaint only alleges privity with S3, the 6th Claim for Relief fails to state a claim against Foundation, Northwest, Livingstone, Stagecoach, Sonterra, Rusty Shields, and Chastan Shields.**

As noted, the 6th Claim for relief, in part, seeks rescission and restitution pursuant to Cal. Civ. Code § 1689.  Notwithstanding the previously noted Rule 9(b) considerations, a party invoking rescission only has a cause of action against other parties to the contract. Cal. Civ. Code § 1692.  Here, the 2nd Am. Complaint specifically alleges privity S3 (¶45).  Thus, it fails to state a claim against the other Defendants.

The 6th Claim for relief also invokes Cal. Corp. Code § 25503 that authorizes a private right of action for violation of §§ 25110, 25130 or 25133, but it also requires privity. 9 Witkin, Summary 10th (2005) Corp, § 446, p. 1182.  Since Foundation, Northwest, Livingstone, Sonterra, Stagecoach, Rusty Shields, and Chastan Shields are not parties to the operating agreements, the motion to dismiss should be granted without leave to amend.

Motion to Dismiss
14

### E. CONCLUSION

For the preceding reasons, the Court should dismiss the 2nd Am. Complaint as to Foundation, S3, Stagecoach, Sonterra, Livingstone, Rusty Shields and Chastan Shields without leave to amend.

Dated: October 5, 2009  CAMPEAU GOODSELL SMITH
A Law Corporation

By: /s/ Gregory J. Charles
Gregory J. Charles
Attorneys for Plaintiff