1  RICE & BRONITSKY
   Paul E. Rice (State Bar No. 062509)
2  350 Cambridge Avenue, Suite 225
   Palo Alto, CA 94306
3  Telephone:   650-289-9088
   Facsimile:    650-289-9093
4  price@civlit.com

5  Attorneys for Plaintiffs
   Mark Shepherd and Delia Shepherd
6

7

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11

12  **MARK SHEPHERD and DELIA SHEPHERD,**            Case No.:  09-CV-01405 RMW

13                                                   **THIRD AMENDED COMPLAINT FOR**
              Plaintiffs,                            **FEDERAL AND STATE SECURITIES**
14                                                   **FRAUD, INTENTIONAL**
       v.                                            **MISREPRESENTATION, NEGLIGENT**
15                                                   **MISREPRESENTATION, AND**
                                                     **RESCISSION**
16  **S3 PARTNERS, LLC; ALARIS**
    **DEVELOPMENT, LLC; NORTHWEST**
    **CONSULTING GROUP, LLC;**
17  **STAGECOACH RETAIL, LLC;**                      **DEMAND FOR JURY TRIAL**
    **SONTERRA RETAIL CENTER, LLC;**
18  **MICHAEL SIMS; SAM STAFFORD;**
    **MELVIN RUSSELL SHIELDS; CHASTAN**
19  **SHIELDS; CONVERGENT**
    **MANAGEMENT GROUP, LLC.;**
20  **EXCHANGE ADVANTAGE, LLC; SAM S.**
    **STAFFORD, INC.**
21
              Defendants.
22

23                    <u>**GENERAL ALLEGATIONS**</u>

24        COME NOW Plaintiffs Mark Shepherd and Delia Shepherd (collectively "Plaintiff" or

25  "Shepherd") and complain against Defendants S3 Partners, LLC, Alaris, LLC; Northwest Consulting

26  Group, LLC; Stagecoach Retail, LLC; Sonterra Retail Center, LLC; Michael Sims; Sam Stafford;

27  Rusty Shields; Chastan Shields; Convergent Management Group, LLC; Exchange Advantage, LLC;

28  Sam S. Stafford, Inc. ("Defendants") as follows:

1    1.    Plaintiff Mark Shepherd is an individual residing in the City of San Jose, County of

2    Santa Clara, and is, and at all times relevant has been, the husband of Plaintiff Delia Shepherd.

3    2.    Plaintiff Delia Shepherd is an individual residing in the City of San Jose, County of

4    Santa Clara, and is, and at all times relevant has been, the wife of Plaintiff Mark Shepherd.

5    3.    Defendant S3 Partners, LLC is a Nevada limited liability company with its last known

6    principal place of business at 1625 The Alameda Suite 201 San Jose, California 95126, which is the

7    California address listed on the website for Defendant S3 Partners, LLC ("the S3 Partners Website",

8    a true and correct copy of which is attached hereto as Exhibit H) as its address.   Defendant S3

9    Partners, LLC, filed its Articles of Incorporation with the Nevada Secretary of State on February 12,

10   2007.  Defendant S3 Partners, LLC, was dissolved on October 16, 2008.

11   4.    Upon information and belief, Defendant S3 Partners, LLC, was comprised of three

12   individuals as agents, principals, officers, directors, managers, partners and/or members: Defendant

13   Sims, Defendant Rusty Shields, and Defendant Stafford.  Plaintiffs base this information and belief:

14   as set forth in ¶¶ 9, 16, 20; statements made by Defendant Sims at a March 15, 2007 Presentation to

15   prospective investors, held in Campbell, California ("the March 15, Presentation," at which Plaintiff

16   Mark Shepherd was present as a videographer for Defendant S3 Partners, LLC), that "we are . . . we

17   had . . . three specific different companies that have merged together to create S3 Partners – Stafford,

18   Sims and Shields"; statements on the website of Defendant S3 Partners, LL ("the S3 Partners

19   Website") that "Our Companies: Growth through synergy.  S3 Partners oversees the synergistic,

20   interlocking relationship between its member companies, ensuring that each company not only has a

21   core business, but they also have a core mission that lends itself directly to the overall mission of S3

22   Partners" (S3 Partners Website, unnumbered pg. 7); and findings by the California Corporations

23   Commissioner in a Desist and Refrain Order dated May 11, 2009 ("the Desist and Refrain Order", a

24   true and correct copy of which is attached hereto as Exhibt I) that Defendant Sims, Defendant Rusty

25   Shields, and Defendant Stafford were each a partner of and formed Defendant S3 Partners, LLC

26   "primarily for the purpose of seeking investment capital from individual investors, which would

27   enable S3 to initially fund several separate real estate venture companies structured as limited

28   liability companies . . ."  ("Desist and Refrain Order, ¶¶ 1-4, 14).

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

2

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

5.     Upon information and belief, Defendant Sims, Defendant Rusty Shields, and Defendant Stafford were each a controlling person of Defendant S3 Partners, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant S3 Partners, LLC, and each has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant S3 Partners, LLC, whether through ownership of voting securities, by contract, or otherwise, and actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant S3 Partners, LLC.  Plaintiffs base this information and belief on the allegations set forth in ¶¶ 4, 10, 17, 21.

6.     Upon information and belief, Defendant S3 Partners, LLC was a controlling person of Defendant Sims, Defendant Rusty Shields, and Defendant Stafford set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, whether through ownership of voting securities, by contract, or otherwise, and actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant Sims, Defendant Rusty Shields, and Defendant Stafford.  Plaintiffs base this information and belief on the allegations set forth in ¶ 4.

7.     Records maintained by the Nevada Secretary of State identify three entities as managers of Defendant S3 Partners, LLC: Defendant Northwest Consulting Group, LLC; Defendant Exchange Advantage, LLC; and Defendant Sam S. Stafford, Inc.  On information and belief, each such defendant is controlled by or is an alter ego of Defendant Sims (Defendant Exchange Advantage, LLC, as set forth in ¶¶ 32-35), Defendant Rusty Shields (Defendant Northwest Consulting Group, LLC, as set forth in ¶¶ 23-31), and Defendant Stafford (Defendant Sam S. Stafford, Inc. as set forth in ¶¶ 36-39).

8.     Defendant Michael Sims is an individual who, upon information and belief, resides in the County of Santa Clara, State of California.

Third Amended Complaint
Case No. 09-CV-01405 RMW

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

9.     Upon information and belief, Defendant Sims, is or was an agent, principal, officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.  Plaintiffs base this information and belief on: Defendant Sims's statement at the March 15, 2007 Presentation that he is one of the principals of Defendant S3 Partners, LLC, at which presentation Defendant Rusty Shields and Defendant Stafford were both present, and neither objected to Sims's statement that Sims is a principal of Defendant S3 Partners, LLC; the S3 Partners Website states that "S3 Partners oversees the synergistic, interlocking relationship between its member companies, ensuring that each company not only has a core business, but they also have a core mission that lends itself directly to the overall mission of S3 Partners" (S3 Partners Website unnumbered pg. 7); lists Defendant Sims, along with Defendant Rusty Shields and Defendant Stafford, under the heading "The S3 Partners" (S3 Partners Website unnumbered pg. 3); on July 6, 2007, Defendant Sims executed an operating agreement for Defendant Sonterra Retail Center, LLC ("the Sonterra Operating Agreement") as a Manager of Defendant S3 Partners, LLC (Sonterra Operating Agreement, signature block); on September 25, 2007, Defendant Sims executed an operating agreement for Defendant Stagecoach Retail, LLC ("the Stagecoach Operating Agreement") as a Manager of Defendant S3 Partners, LLC   (Sonterra Operating Agreement, signature block); a printed brochure titled "Project Profile" for development of "Stagecoach Village" ("the Stagecoach Brochure"), every page of which is labeled "S3 Partners", lists Defendant Sims under the heading "Who We Are" and "S3 Partners" and expressly identifies him as a "Principal" of Defendant S3 Partners, LLC (Stagecoach Brochure, unnumbered pg. 10); the Desist and Refrain Order finding that Defendant Sims was a partner in Defendant S3 Partners, LLC (Desist and Refrain Order, ¶ 2); Defendant Sims acted as an agent of Defendants S3 Partners, LLC, Alaris Development, LLC, Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail Center, LLC, which information and belief Plaintiffs base on: the foregoing allegations of this ¶ 9; Defendant S3 Partners, LLC, Defendant Alaris Development, LLC, Defendant Stagecoach Retail, LLC, and Defendant Sonterra Retail Center, LLC failed to describe any limits on the authority of Defendant Sims, Defendant Rusty Shields, and Defendant Stafford; Defendant Sims, Defendant Rusty Shields, and Defendant Stafford at all times herein, in the ordinary course of business of Defendants S3 Partners, LLC, Alaris Development, LLC, Defendants Stagecoach Retail, LLC, and

4

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   Defendants Sonterra Retail Center, LLC, engaged in acts to effect the purpose of procuring

2   Plaintiffs' investments in Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail

3   Center, LLC; Plaintiffs in reasonably and in good faith relied on the authority, actual or otherwise, of

4   Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, and relied thereon in deciding to

5   invest in Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail Center, LLC.  A true

6   and correct copy of the Sonterra Operating Agreement is attached hereto as Exhibit A.  A true and

7   correct copy of the Stagecoach Operating Agreement is attached hereto as Exhibit B.  A true and

8   correct copy of the Stagecoach Brochure is attached hereto as Exhibit C.

9        10.    Upon information and belief, Defendant Sims is or was a controlling person of

10  Defendant S3 Partners, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly

11  through or by means of Defendant S3 Partners, LLC, and has joint and several liability pursuant to

12  the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

13  power to direct or cause the direction of Defendant S3 Partners, LLC, whether through ownership of

14  voting securities, by contract, or otherwise, and actively used this influence or control so as to be a

15  culpable participant in the primary violations committed by Defendant S3 Partners, LLC.  Plaintiffs

16  base this information and belief on: the allegations set forth in ¶ 9; that the day to day operations of

17  Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims, Defendant

18  Rusty Shields and Defendant Stafford; that each as a manager (directly or indirectly as set forth in ¶

19  7), a principal, officer, director, partner and/or member of Defendant S3 Partners, LLC, had the

20  power to influence or control Defendant S3 Partners, LLC; and Defendant Sims actively used this

21  influence or control as set forth in ¶¶ 82, 85.

22       11.    Upon information and belief, Defendant S3 Partners, LLC is or was a controlling

23  person of Defendant Sims as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through

24  or by means of Defendant Sims, and has joint and several liability pursuant to the provisions of

25  Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or

26  cause the direction of Defendant Sims, whether through ownership of voting securities, by contract,

27  or otherwise, and actively used this influence or control so as to be a culpable participant in the

28  primary violations committed by Defendant Sims.  Plaintiffs base this information and belief on: the

1   allegations set forth in ¶ 9; that the website of Defendant S3 Partners, LLC, states under the Heading

2   "Our Companies: Growth Through Synergy", "S3 Partners oversees the synergistic, interlocking

3   relationship between its member companies, ensuring that each company not only has a core

4   business, but they also have a core mission that lends itself directly to the overall mission of S3

5   Partners" (S3 Partners Website unnumbered pg.7; which "member companies" Plaintiffs believe

6   include Defendant Exchange Advantage, LLC, as set forth in ¶ 7; that the day to day operations of

7   Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims, Defendant

8   Rusty Shields and Defendant Stafford, each of whom were part of, and acting pursuant to objectives

9   determined by, Defendant S3 Partners, LLC; that Defendant S3 Partners, LLC actively used this

10  influence or control of Defendant Sims as set forth in ¶¶ 82, 85.

11          12.     Upon information and belief, in 1978 the California Department of Real Estate

12  indefinitely suspended Defendant Sims's real estate license.  Plaintiffs base this information and

13  belief on: records maintained by the State of California Department of Real Estate that identify

14  Michael Walter Sims as a suspended licensee; records maintained by the California Department of

15  Insurance that identify Michael Walter Sims as an active licensee; Defendant Sims's biography on

16  the website of Defendant S3 Partners, LLC lists his name as "Michael W. Sims"; and a finding by

17  the California Corporations Commissioner in the Desist and Refrain Order that in 1978 the

18  California Department of Real Estate indefinitely suspended Defendant Sims's real estate license.

19          13.     Defendant Melvin Russell Shields, also known as Rusty Shields, is an individual who,

20  upon information and belief, resides in the State of North Carolina.

21          14.     Upon information and belief, Defendant Rusty Shields has been convicted of at least

22  two felonies, including one felony conviction for larceny.  Plaintiffs base this information and belief

23  on records maintained by the North Carolina Department of Corrections that identify Melvin Russell

24  Shields, alias Rusty Shields, as being convicted of two felonies, one of which is larceny.   A true and

25  correct copy of this record is attached hereto as Exhibit D.

26          15.     Upon information and belief, Defendant Rusty Shields: filed for Chapter 7 bankruptcy

27  on December 22, 1999, which bankruptcy was discharged on April 4, 2000 with no assets available

28  for unsecured creditors, and in such bankruptcy Defendant Chastan Shields was listed as an

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

6

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   additional debtor; pled guilty to two separate charges of misdemeanor writing a worthless check; and

2   has had at least one judgment of foreclosure entered against him.  Plaintiffs base this information and

3   belief on the results of a private investigation.

4        16.     Upon information and belief, Defendant Rusty Shields, is or was an agent, principal,

5   officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.  Plaintiffs base

6   this information and belief on: Defendant Sims's statement at the March 15, 2007 Presentation that

7   Rusty Shields is one of the principals of Defendant S3 Partners, LLC, at which presentation

8   Defendant Rusty Shields and Defendant Stafford were both present, and neither objected to Sims's

9   statement that Rusty Shields is a principal of Defendant S3 Partners, LLC; the S3 Partners Website

10  states that "S3 Partners oversees the synergistic, interlocking relationship between its member

11  companies, ensuring that each company not only has a core business, but they also have a core

12  mission that lends itself directly to the overall mission of S3 Partners" (S3 Partners Website

13  unnumbered pg. 7); lists Defendant Rusty Shields, along with Defendant Rusty Shields and

14  Defendant Stafford, under the heading "The S3 Partners" (S3 Partners Website unnumbered pg. 3);

15  on July 6, 2007, Defendant Rusty Shields executed the Sonterra Operating Agreement as a Manager

16  of Defendant S3 Partners, LLC (Sonterra Operating Agreement, signature block), which signature

17  block identifies Defendant Rusty Shields as a Manager of Defendant S3 Partners, LLC; the

18  Stagecoach Brochure, every page of which is labeled "S3 Partners", lists Defendant Rusty Shields

19  under the heading "Who We Are" and "S3 Partners" and expressly identifies him as a "Principal" of

20  Defendant S3 Partners, LLC (Stagecoach Brochure, unnumbered pg. 10); the Desist and Refrain

21  Order finding that Defendant Rusty Shields was a partner in Defendant S3 Partners, LLC (Desist and

22  Refrain Order, ¶ 4); Defendant Rusty Shields acted as an agent of Defendants S3 Partners, LLC,

23  Alaris Development, LLC, Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail

24  Center, LLC, which information and belief Plaintiffs base on: the foregoing allegations of this ¶ 16;

25  Defendant S3 Partners, LLC, Defendant Alaris Development, LLC, Defendant Stagecoach Retail,

26  LLC, and Defendant Sonterra Retail Center, LLC failed to describe any limits on the authority of

27  Defendant Rusty Shields, and Defendant Rusty Shields at all times herein, in the ordinary course of

28  business of Defendants S3 Partners, LLC, Alaris Development, LLC, Defendants Stagecoach Retail,

1   LLC, and Defendants Sonterra Retail Center, LLC, engaged in acts to effect the purpose of procuring

2   Plaintiffs' investments in Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail

3   Center, LLC; Plaintiffs in reasonably and in good faith relied on the authority, actual or otherwise, of

4   Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, and relied thereon in deciding to

5   invest in Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail Center, LLC.

6        17.    Upon information and belief, Defendant Rusty Shields is or was a controlling person

7   of Defendant S3 Partners, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly

8   through or by means of Defendant S3 Partners, LLC, and has joint and several liability pursuant to

9   the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

10  power to direct or cause the direction of Defendant S3 Partners, LLC, whether through ownership of

11  voting securities, by contract, or otherwise, and actively used this influence or control so as to be a

12  culpable participant in the primary violations committed by Defendant S3 Partners, LLC.  Plaintiffs

13  base this information and belief on: the allegations set forth in ¶ 16; that the day to day operations of

14  Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims, Defendant

15  Rusty Shields and Defendant Stafford; that each as a manager (directly or indirectly as set forth in ¶

16  7), a principal, officer, director, partner and/or member of Defendant S3 Partners, LLC, had the

17  power to influence or control Defendant S3 Partners, LLC; and Defendant Rusty Shields actively

18  used this influence or control as set forth in ¶ 94(c).

19       18.    Upon information and belief, Defendant S3 Partners, LLC is or was a controlling

20  person of Defendant Rusty Shields as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly

21  through or by means of Defendant Rusty Shields, and has joint and several liability pursuant to the

22  provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

23  power to direct or cause the direction of Defendant Rusty Shields, whether through ownership of

24  voting securities, by contract, or otherwise, and actively used this influence or control so as to be a

25  culpable participant in the primary violations committed by Defendant Rusty Shields.  Plaintiffs base

26  this information and belief on: the allegations set forth in ¶ 16; that the website of Defendant S3

27  Partners, LLC, states under the Heading "Our Companies: Growth Through Synergy", "S3 Partners

28  oversees the synergistic, interlocking relationship between its member companies, ensuring that each

8

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

company not only has a core business, but they also have a core mission that lends itself directly to the overall mission of S3 Partners" (S3 Partners Website unnumbered pg.7; which "member companies" Plaintiffs believe include Defendant Northwest Consulting Group, LLC, as set forth in ¶ 7; that the day to day operations of Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims, Defendant Rusty Shields and Defendant Stafford, each of whom were part of, and acting pursuant to objectives determined by, Defendant S3 Partners, LLC; that Defendant S3 Partners, LLC actively used this influence or control of Defendant Rusty Shields.

19.   Defendant Sam Stafford is an individual who, upon information and belief, resides in the County of Santa Clara, State of California.

20.   Upon information and belief, Defendant Stafford, is or was an agent, principal, officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.  Plaintiffs base this information and belief on: Defendant Sims's statement at the March 15, 2007 Presentation that Stafford is one of the principals of Defendant S3 Partners, LLC, at which presentation Defendant Rusty Shields and Defendant Stafford were both present, and neither objected to Sims's statement that Rusty Shields is a principal of Defendant S3 Partners, LLC; the S3 Partners Website states that "S3 Partners oversees the synergistic, interlocking relationship between its member companies, ensuring that each company not only has a core business, but they also have a core mission that lends itself directly to the overall mission of S3 Partners" (S3 Partners Website unnumbered pg. 7); lists Defendant Stafford, along with Defendant Rusty Shields and Defendant Sims, under the heading "The S3 Partners" (S3 Partners Website unnumbered pg. 3); on July 6, 2007, Defendant Sims executed the Sonterra Operating Agreement as a Manager of Defendant S3 Partners, LLC (Sonterra Operating Agreement, signature block), which signature block identifies Defendant Stafford as a Manager of Defendant S3 Partners, LLC; the Stagecoach Brochure, every page of which is labeled "S3 Partners", lists Defendant Stafford under the heading "Who We Are" and "S3 Partners" and expressly identifies him as a "Principal" of Defendant S3 Partners, LLC (Stagecoach Brochure, unnumbered pg. 10); the Desist and Refrain Order finding that Defendant Stafford was a partner in Defendant S3 Partners, LLC (Desist and Refrain Order, ¶ 3); Defendant Stafford acted as an agent of Defendants S3 Partners, LLC, Alaris Development, LLC, Defendants Stagecoach Retail, LLC, and

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   Defendants Sonterra Retail Center, LLC, which information and belief Plaintiffs base on: the

2   foregoing allegations of this ¶ 20; Defendant S3 Partners, LLC, Defendant Alaris Development,

3   LLC, Defendant Stagecoach Retail, LLC, and Defendant Sonterra Retail Center, LLC failed to

4   describe any limits on the authority of Defendant Stafford, and Defendant Stafford at all times

5   herein, in the ordinary course of business of Defendants S3 Partners, LLC, Alaris Development,

6   LLC, Defendants Stagecoach Retail, LLC, and Defendants Sonterra Retail Center, LLC, engaged in

7   acts to effect the purpose of procuring Plaintiffs' investments in Defendants Stagecoach Retail, LLC,

8   and Defendants Sonterra Retail Center, LLC; Plaintiffs in reasonably and in good faith relied on the

9   authority, actual or otherwise, of Defendant Sims, Defendant Rusty Shields, and Defendant Stafford,

10  and relied thereon in deciding to invest in Defendants Stagecoach Retail, LLC, and Defendants

11  Sonterra Retail Center, LLC.

12      21.    Upon information and belief, Defendant Stafford is or was a controlling person of

13  Defendant S3 Partners, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly

14  through or by means of Defendant S3 Partners, LLC, and has joint and several liability pursuant to

15  the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

16  power to direct or cause the direction of Defendant S3 Partners, LLC, whether through ownership of

17  voting securities, by contract, or otherwise, and actively used this influence or control so as to be a

18  culpable participant in the primary violations committed by Defendant S3 Partners, LLC.  Plaintiffs

19  base this information and belief on: the foregoing allegations set forth in this ¶ 20; that the day to day

20  operations of Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims,

21  Defendant Rusty Shields and Defendant Stafford; that each as a manager (directly or indirectly as set

22  forth in ¶ 7), a principal, officer, director, partner and/or member of Defendant S3 Partners, LLC, had

23  the power to influence or control Defendant S3 Partners, LLC; and Defendant Stafford actively used

24  this influence or control as set forth in ¶ 92(c).

25      22.    Upon information and belief, Defendant S3 Partners, LLC is or was a controlling

26  person of Defendant Stafford as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly

27  through or by means of Defendant Stafford, and has joint and several liability pursuant to the

28  provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   power to direct or cause the direction of Defendant Stafford, whether through ownership of voting

2   securities, by contract, or otherwise, and actively used this influence or control so as to be a culpable

3   participant in the primary violations committed by Defendant Stafford.   Plaintiffs base this

4   information and belief on: the allegations set forth in ¶ 20; that the website of Defendant S3 Partners,

5   LLC, states under the Heading "Our Companies: Growth Through Synergy", "S3 Partners oversees

6   the synergistic, interlocking relationship between its member companies, ensuring that each company

7   not only has a core business, but they also have a core mission that lends itself directly to the overall

8   mission of S3 Partners" (S3 Partners Website unnumbered pg.7; which "member companies"

9   Plaintiffs believe include Defendant Sam S. Stafford, Inc., as set forth in ¶ 7; that the day to day

10   operations of Defendant S3 Partners, LLC were conducted by three real persons, Defendant Sims,

11   Defendant Rusty Shields and Defendant Stafford, each of whom were part of, and acting pursuant to

12   objectives determined by, Defendant S3 Partners, LLC; that Defendant S3 Partners, LLC actively

13   used this influence or control of Defendant Stafford as set forth in ¶ 92(c).

14       23.   Defendant Northwest Consulting Group, LLC is a North Carolina limited liability

15   company whose principal place of business is in the State of North Carolina.

16       24.   Defendant Convergent Management Group, LLC is a Nevada limited liability

17   company whose principal place of business is in the State of Nevada.

18       25.   Defendant Chastan Shields is an individual who, upon information and belief, resides

19   in the State of North Carolina.

20       26.   Upon information and belief, Defendant Rusty Shields, by and through Defendant

21   Chastan Shields, uses the entities Defendant Northwest Consulting Group, LLC and Convergent

22   Management Group, LLC as alter egos.   Plaintiffs base this information and belief on: records

23   maintained by the Nevada Secretary of State that list Defendant Northwest Consulting Group, LLC

24   as the current manager of Defendant Convergent Management Group, LLC; records maintained by

25   the North Carolina Secretary of State that list Defendant Northwest Consulting Group, LLC as the

26   current manager of Defendant Convergent Management Group, LLC; the fact that the official state

27   records set forth herein do not identify Defendant Rusty Shields as a manager or agent for service of

28   process of Defendant S3 Partners, LLC, Defendant Northwest Consulting Group, LLC, Defendant

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  Convergent Management Group, LLC, Defendant Sonterra Retail Center, LLC, or Defendant

2  Stagecoach Retail, LLC.

3      27.    Upon information and belief, Defendant Northwest Consulting Group, LLC is or was

4  a principal, officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.

5  Plaintiffs base this information and belief on records maintained by the Nevada Secretary of State

6  that identify Defendant Northwest Consulting Group, LLC as a manager of Defendant S3 Partners,

7  LLC.

8      28.    Upon information and belief, Defendant Northwest Consulting Group, LLC is or was

9  a controlling person of Defendant S3 Partners, LLC, as set forth in 15 U.S.C. §78t(a) and/or acted

10  directly or indirectly through or by means of Defendant S3 Partners, LLC, and has joint and several

11  liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing,

12  directly or indirectly, the power to direct or cause the direction of Defendant S3 Partners, LLC,

13  whether through ownership of voting securities, by contract, and actively used this influence or

14  control so as to be a culpable participant in the primary violations committed by Defendant S3

15  Partners, LLC.    Plaintiffs base this information and belief on: the allegations set forth in ¶ 27; that

16  the day to day operations of Defendant S3 Partners, LLC were conducted by three real persons,

17  Defendant Sims, Defendant Rusty Shields and Defendant Stafford; that Defendant Northwest

18  Consulting Group, LLC as a manager (directly or indirectly by Defendant Rusty Shields as set forth

19  in ¶¶ 7, 26), a principal, officer, director, partner and/or member of Defendant S3 Partners, LLC, had

20  the power to influence or control Defendant S3 Partners, LLC; and actively used this influence or

21  control by and through its alter ego, Defendant Rusty Shields, as set forth in ¶ 92(c).

22      29.    Upon information and belief, Defendant Chastan Shields is or was a principal, officer,

23  director, manager, partner and/or member of Defendant Northwest Consulting Group, LLC, and is or

24  was a controlling person of Defendant Northwest Consulting Group, LLC as set forth in 15 U.S.C.

25  §78t(a) and/or acted directly or indirectly through or by means of Defendant Northwest Consulting

26  Group, LLC, and has joint and several liability pursuant to the provisions of Section 20(a) of the

27  Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction

28  of Defendant Northwest Consulting, LLC, whether through ownership of voting securities, by

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   contract, or otherwise, and actively used this influence or control so as to be a culpable participant in

2   the primary violations committed by Defendant Northwest Consulting, LLC.  Plaintiffs base this

3   information and belief on records maintained by the North Carolina Secretary of State and the

4   Florida Secretary of State that identified no manager for Defendant Northwest Consulting Services,

5   LLC, other than Defendant Chastan Shields, until April 15, 2009, when records maintained by the

6   North Carolina Secretary of State identify Defendant Convergent Management Group, LLC as a

7   manager of Defendant Northwest Consulting, LLC.

8          30.    Upon information and belief, Northwest Consulting Group, LLC is or was a principal,

9   officer, director, manager, partner and/or member of Defendant Convergent Management Group,

10  LLC, and is or was a controlling person of Defendant Convergent Management Group, LLC, as set

11  forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant

12  Convergent Management Group, LLC, and has joint and several liability pursuant to the provisions

13  of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct

14  or cause the direction of Defendant Convergent Management Group, LLC, whether through

15  ownership of voting securities, by contract, or otherwise, and actively used this influence or control

16  so as to be a culpable participant in the primary violations committed by Defendant  Plaintiffs base

17  this information and belief on records maintained by the Nevada Secretary of State that identify no

18  manager of Defendant Convergent Management Group, LLC other than Northwest Consulting

19  Group, LLC.

20         31.    Upon information and belief, Defendant Convergent Management Group, LLC is or

21  was a principal, officer, director, manager, partner and/or member of Defendant Northwest

22  Consulting Group, LLC, and is or was a controlling person of Defendant Northwest Consulting

23  Group, LLC, as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means

24  of Defendant Northwest Consulting Group, LLC, and has joint and several liability pursuant to the

25  provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the

26  power to direct or cause the direction of Northwest Consulting Group, LLC, whether through

27  ownership of voting securities, by contract, or otherwise, and actively used this influence or control

28  so as to be a culpable participant in the primary violations committed by Defendant Convergent

13

Third Amended Complaint
Case No. 09-CV-01405 RMW

1   Management Group, LLC.  Plaintiffs base this information and belief on records maintained by the

2   North Carolina Secretary of State that identify no current manager of Northwest Consulting Group,

3   LLC other than Defendant Convergent Management Group, LLC.

4        32.     Defendant Exchange Advantage, LLC is a limited liability company whose principal

5   place of business is believed to be in the State of California.

6        33.     Upon information and belief, Defendant Exchange Advantage, LLC is or was a

7   principal, officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.

8   Plaintiffs base this information and belief on records maintained by the Nevada Secretary of State

9   that identify Defendant Exchange Advantage, LLC as a manager of Defendant S3 Partners, LLC.

10        34.     Upon information and belief, Defendant Exchange Advantage, LLC is or was a

11   controlling person of Defendant S3 Partners, LLC, as set forth in 15 U.S.C. §78t(a) and/or acted

12   directly or indirectly through or by means of Defendant S3 Partners, LLC, and has joint and several

13   liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing,

14   directly or indirectly, the power to direct or cause the direction of Defendant S3 Partners, LLC,

15   whether through ownership of voting securities, by contract, or otherwise, and actively used this

16   influence or control so as to be a culpable participant in the primary violations committed by

17   Defendant S3 Partners, LLC.  Plaintiffs base this information and belief on: the allegations set forth

18   in ¶ 33; that the day to day operations of Defendant S3 Partners, LLC were conducted by three real

19   persons, Defendant Sims, Defendant Rusty Shields and Defendant Stafford; that each as a manager,

20   principal, officer, director, partner and/or member of Defendant S3 Partners, LLC, (directly or

21   indirectly as set forth in ¶ 7) had the power to influence or control Defendant S3 Partners, LLC;

22   Defendant Exchange Advantage LLC, as a direct or indirect principal, officer, director, manager,

23   partner and/or member of Defendant S3 Partners, had the power to influence or control Defendant S3

24   Partners, LLC; and Defendant Exchange Advantage, LLC actively used this influence or control so

25   as to be a culpable participant in the primary violations committed by Defendant S3 Partners, LLC.

26        35.     Upon information and belief, Defendant Sims is or was a principal, officer, director,

27   manager, partner and/or member of Defendant Exchange Advantage, LLC, and is or was a

28   controlling person of Defendant Exchange Advantage, LLC as set forth in 15 U.S.C. §78t(a) and/or

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

14

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   acted directly or indirectly through or by means of Defendant Exchange Advantage, LLC, and has

2   joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as

3   possessing, directly or indirectly, the power to direct or cause the direction of Defendant Exchange

4   Advantage, LLC, whether through ownership of voting securities, by contract, or otherwise, and

5   actively used this influence or control so as to be a culpable participant in the primary violations

6   committed by Defendant Exchange Advantage, LLC.  Plaintiffs base this information and belief on

7   records maintained by the California Secretary of State that identify no manager for Defendant

8   Exchange Advantage Services, LLC, but which identify Defendant Sims as the agent for service of

9   process for Defendant Exchange Advantage, LLC.

10   36.   Defendant Sam S. Stafford, Inc. is a corporation whose principal place of business is

11   believed to be in the State of California.

12   37.   Upon information and belief, Defendant Sam S. Stafford, Inc. is or was a principal,

13   officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.  Plaintiffs base

14   this information and belief on records maintained by the Nevada Secretary of State that identify

15   Defendant Sam S. Stafford, Inc. as a manager of Defendant S3 Partners, LLC.

16   38.   Upon information and belief, Defendant Sam S. Stafford, Inc. is or was a controlling

17   person of Defendant S3 Partners, LLC, as set forth in 15 U.S.C. §78t(a) and/or acted directly or

18   indirectly through or by means of Defendant S3 Partners, LLC, and has joint and several liability

19   pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or

20   indirectly, the power to direct or cause the direction of Defendant S3 Partners, LLC, whether through

21   ownership of voting securities, by contract, or otherwise, and actively used this influence or control

22   so as to be a culpable participant in the primary violations committed by Defendant S3 Partners,

23   LLC.  Plaintiffs base this information and belief on: the allegations set forth in ¶ 37; that the day to

24   day operations of Defendant S3 Partners, LLC were conducted by three real persons, Defendant

25   Sims, Defendant Rusty Shields and Defendant Stafford; that each as a manager, principal, officer,

26   director, partner and/or member of Defendant S3 Partners, LLC, (directly or indirectly as set forth in

27   ¶ 7) had the power to influence or control Defendant S3 Partners, LLC; Defendant Exchange

28   Advantage LLC, as a direct or indirect principal, officer, director, manager, partner and/or member

15

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

of Defendant S3 Partners, had the power to influence or control Defendant S3 Partners, LLC; and Defendant Sam S. Stafford, Inc. actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant S3 Partners, LLC.

39.     Upon information and belief, Defendant Stafford is or was a principal, officer, director, manager, partner and/or member of Defendant Sam S. Stafford, Inc., and is or was a controlling person of Defendant Sam S. Stafford, Inc. as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Sam S. Stafford, Inc., and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant Sam S. Stafford, Inc., whether through ownership of voting securities, by contract, or otherwise, and actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant Sam S. Stafford, Inc.  Plaintiffs base this information and belief on: records maintained by the Nevada Secretary of State that identify Defendant Sam S. Stafford, Inc. as a manager of Defendant S3 Partners, LLC; records maintained by the California Secretary of State that identify the street address of Defendant Sam S. Stafford, Inc. as 5126 Stevens Creek Blvd Ste 50, San Jose, California 95129; records of the Nevada Secretary of State that identify Sam S. Stafford as the manager of Defendant Alaris Development, LLC at the same street address; and the website of Defendant Alaris Development, LLC at www.alarisdevelopment.com which identifies Sam S. Stafford as a Principal of Defendant Alaris Development, LLC at the same street address.

40.     Defendant Alaris Development, LLC is a Nevada limited liability company with its last known principal place of business in the City of Campbell, California.  Records maintained by the Nevada Secretary of State show that Defendant Alaris Development, LLC filed its articles of organization on April 2, 2007.

41.     Upon information and belief, Defendant Alaris Development, LLC is or was an agent, principal, officer, director, manager, partner and/or member of Defendant S3 Partners, LLC.

42.     Upon information and belief, Defendant S3 Partners, LLC is or was a controlling person of Defendant Alaris Development, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Alaris Development, LLC, and has joint and several

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing,

2   directly or indirectly, the power to direct or cause the direction of Defendant Alaris Development,

3   LLC, whether through ownership of voting securities, by contract, or otherwise, and actively used

4   this influence or control so as to be a culpable participant in the primary violations committed by

5   Defendant Alaris Development, LLC.

6       43.    Plaintiffs base their information and belief as set forth in ¶¶ 41 and 42 on:

7       (a)    statements by Defendant Alaris Development, LLC on its two single-page

8              websites, for which true and copies are attached hereto as Exhibit E (collectively

9              "the Alaris Website"), that Defendant Alaris Development, LLC is "a member of

10             the S3 Partners family of companies" (Alaris Website, pg. 1), which Alaris

11             Website display a logo of Defendant Alaris Development, LLC which logo

12             includes the term "S3" (Alaris Website, pg. 1, 2), states that the three addresses of

13             Defendant Alaris Development, LLC, which are identical to the three addresses

14             for Defendant S3 Partners, LLC (Alaris Website, pg. 1);

15      (b)    statements made by Defendant Sims, Defendant Alaris Development and

16             Defendant S3 Partners, LLC, in a brochure, given by Defendant Sims to Plaintiff

17             Mark Shepherd on April 12 or May 6, 2007, titled "Alaris Development" and

18             "Invest Strategically" ("the Alaris Brochure," a true and correct of which is

19             attached hereto as Exhibit F) which brochure states that Defendant Alaris

20             Development, LLC is "a member of the S3 Partners family of companies," (Alaris

21             Brochure unnumbered pg. 7), displays a logo of Defendant Alaris Development,

22             LLC on several pages, which logo includes the term "S3" (Alaris Brochure

23             unnumbered pgs. 1, 2, 7);

24      (c)    statements by Defendant S3 Partners, LLC, on the S3 Partners Website, under the

25             heading "Our Companies: Growth through synergy" that "S3 Partners oversees

26             the synergistic, interlocking relationship between its member companies, ensuring

27             that each company not only has a core business, but they also have a core mission

28             that lends itself directly to the overall mission of S3 Partners" (S3 Partners

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1    Website, unnumbered pg. 7);

2    (d)    statements by Defendant S3 Partners, LLC, on the S3 Partners Website that

3    identifies Defendant Alaris Development, LLC under the heading "Our

4    Companies" (S3 Partners Website, unnumbered pg. 5);

5    (e)    statements by Defendant S3 Partners, LLC, on the S3 Partners Website that

6    identifies Defendant Alaris Development, LLC by displaying a photograph

7    depicting the logo of Alaris Development, LLC, which includes the term "S3", on

8    what appears to be the wall of a reception area in a commercial building (S3

9    Partners Website, unnumbered pg. 5);

10    (f)    statements by Defendant S3 Partners, LLC, on the S3 Partners Website, which

11    contains a graphic that shows Defendant Alaris Development, LLC as being in the

12    "first row" under Defendant S3 Partners, LLC, with accompanying text that states

13    "S3 Partners is a collection of strong brands that represent the varied purposes of

14    each of our companies.  The hierarchy here represents the coordinated action of all

15    the companies to accomplish the overarching purposes of S3 Partners. The first

16    row of brands depicts our companies, which contribute 50% of profits to

17    charitable causes"  (S3 Partners Website, unnumbered pg. 4);

18    (g)    statements by Defendant Alaris Development, LLC, Defendant S3 Partners, LLC,

19    and Defendant Sonterra Retail Center, LLC, in a brochure titled "Sonterra Retail

20    Center" and "Project Profile" ("the Sonterra Brochure", a true and correct copy of

21    which is attached hereto as Exhibit G), on which every page bears the logo of

22    Alaris Development, LLC, which logo contains the letters "S3" and which logo is

23    captioned on every page "An S3 Partners Company" (Sonterra Brochure) (please

24    note, Plaintiffs did not receive the Sonterra Brochure prior to either of Plaintiffs'

25    purchases and set it forth here for the purposes of identifying the various

26    defendants and their relationships, but not as the basis of a misstatement or

27    omission to Plaintiffs);

28    (h)    statements by Defendant Alaris Development, LLC, Defendant S3 Partners, LLC,

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

and Defendant Sonterra Retail Center, LLC in the Sonterra Brochure, which, while being marked on every page with the logo of Defendant Alaris Development, LLC, states that "S3 Partners expressly reserves the right, at its sole discretion, to reject any or all proposals or expression of interest in the project and to terminate discussions with any party at any time with or without notice" (Sonterra Brochure, unnumbered page 2);

(i)     statements by Defendant Sims at the March 15, 2007 Presentation that Alaris is part of "the family of companies under S3," with reference to a contemporaneously projected image that shows the logo of Defendant Alaris Development, LLC;

(j)     statements made on April 12 and May 6, 2007 by Defendant Sims to Plaintiff Mark Shepherd at Defendant S3 Partner, LLC's offices at 1625 The Alameda Suite 201 San Jose, CA 95126, that Alaris Development, LLC was a "partner" or part of the "family" of companies of Defendant S3 Partners, LLC.

44.     Upon information and belief, Defendant Sims, Defendant Rusty Shields, and Defendant Stafford were each an agent, principal, officer, director, manager, partner and/or member of Defendant Alaris Development, LLC.

45.     Upon information and belief, Defendant Sims, Defendant Rusty Shields, and Defendant Stafford each is or was a controlling person of Defendant Alaris Development, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Alaris Development, LLC, and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant Alaris Development, LLC, whether through ownership of voting securities, by contract, or otherwise, and actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant Alaris Development, LLC.

46.     Plaintiffs base their information and belief as set forth in ¶¶ 44 and 45 on: biographies for Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, set forth in the Alaris Brochure, immediately following a page captioned "Partners" and which states "The Alaris executive

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

team offers our clients over 100 years of combined experience. . . ."  (Alaris Brochure, unnumbered pg. 10); and the Sonterra Brochure, which includes under the captions "Alaris Development" and "Meet the Principals" biographies and titles for Defendant Sims ("Managing Equity Principal"), Defendant Rusty Shields ("Managing Financial Principal"), and Defendant Stafford ("Managing Development Principal") (Sonterra Brochure, unnumbered pg. 10); a business card Defendant Sims gave to Plaintiff Mark Shepherd identified Defendant Sims as a principal of Defendant Alaris Development, LLC.

47.     Defendant Sonterra Retail Center, LLC is a Texas limited liability company with a registered address in the State of Texas.  The principal office of Defendant Sonterra Retail Center, LLC is or was 1625 The Alameda Suite 201 San Jose, CA 95126, as stated in the Sonterra Operating Agreement.  It was formed and registered with the Texas Secretary of State February 26, 2007. Defendant Sonterra Retail Center, LLC was involuntarily dissolved by the Texas Secretary of State on March 31, 2008.

48.     Upon information and belief, Defendant S3 Partners, LLC is or was a principal, officer, director, manager, partner and/or member of Defendant Sonterra Retail Center, LLC. Plaintiffs base this information and belief on the Sonterra Operating Agreement, which was signed by Defendant Sims for Defendant S3 Partners, LLC as the company (Defendant Sonterra Retail Center, LLC), and for Defendant S3 Partners, LLC as the manager of Defendant Sonterra Retail Center, LLC.  (Sonterra Operating Agreement, pg. 20).

49.     Upon information and belief, Defendant S3 Partners, LLC is or was a controlling person of Defendant Sonterra Retail Center, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Sonterra Retail Center, LLC, and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant Sonterra Retail Center, LLC, whether through ownership of voting securities, by contract, or otherwise, and Defendant S3 Partners, LLC actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant Sonterra Retail Center, LLC.

50.     Plaintiffs base their information and belief as set forth in ¶¶ 48 and 49 on: a Texas

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

Franchise Tax Public Information Report, a record of which is maintained by the Texas Secretary of State, which identifies Defendant S3 Partners, LLC as the Governing Person; a November 27, 2006 letter of intent between "S3 Partners" and non-party Sonterra Development LLC, for the purchase of 24.46 +/- acres in Sonterra Commercial Subdivision; a January 15, 2007 Agreement between "S3 Partners" and non-party Sonterra Development LLC, for the purchase of 24.46 +/- acres in Sonterra Commercial Subdivision; a January 5, 2007 Agreement to Purchase 69.73 +/- acres of Sonterra Commercial Subdivision between Defendant S3 Partners, LLC and non-party Sonterra Development LLC.

51.     Upon information and belief, Defendant Sims, is or was a principal, officer, director, manager, partner and/or member of Defendant Sonterra Retail Center, LLC.  Plaintiffs base this information and belief on the following: on July 6, 2007, Defendant Sims executed the Sonterra Operating Agreement as a Manager of Defendant Sonterra Retail Center, LLC; the Certificate of Organization for Defendant Sonterra Retail Center, LLC, maintained by the Texas Secretary of State, which was filed on February 26, 2007, was signed by "Michael Sims, Manager" as its Organizer; and records maintained by the Texas Secretary of State identify Defendant Sims as manager of Defendant Sonterra Retail Center, LLC.

52.     Upon information and belief, Defendant Sims is or was a controlling person of Defendant Sonterra Retail Center, LLC as set forth in 15 U.S.C. §78t(a) and/or acted directly or indirectly through or by means of Defendant Sonterra Retail Center, LLC, and has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934 as possessing, directly or indirectly, the power to direct or cause the direction of Defendant Sonterra Retail Center, LLC, whether through ownership of voting securities, by contract, or otherwise, and Defendant Sims actively used this influence or control so as to be a culpable participant in the primary violations committed by Defendant Sonterra Retail Center, LLC.  Plaintiffs base this information and belief on: the allegations set forth in ¶ 51; a Texas Franchise Tax Public Information Report, a record of which is maintained by the Texas Secretary of State, which report requires that the name, title and mailing address of each officer, director or member of the filing LLC be provided, but which identifies Michael Simms [sic] as the only manager of Defendant Sonterra Retail Center, LLC, and which

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   report identifies 408-947-0600 as the telephone number for Defendant Sonterra Retail Center, LLC,

2   which number is listed for Golden Crest Wealth Management and Golden Crest Insurance Services,

3   both of which entities are identified in the Desist and Refrain Order as entities in which Defendant

4   Sims is the principal; that the day to day operations of Defendant Sonterra Retail Center, LLC were

5   conducted by three real persons, Defendant Sims, Defendant Rusty Shields and Defendant Stafford;

6   that each as a manager (directly or indirectly as set forth in ¶ 7), a principal, officer, director, partner

7   and/or member of Defendant Sonterra Retail Center, LLC, had the power to influence or control

8   Defendant Sonterra Retail Center, LLC; that as the sole manager of Defendant Sonterra Retail

9   Center, LLC as indicated by the Texas Franchise Tax Public Information Report, Defendant Sims

10  had had the power to influence or control Defendant Sonterra Retail Center, LLC; and that

11  Defendant Sims actively used this influence or control as set forth in ¶¶ 82, 85.

12      53.     Defendant Stagecoach Retail, LLC is an Arizona limited liability company with its

13  principal place of business in the State of Arizona.

14      54.     Upon information and belief, Defendant S3 Partners, LLC is or was a principal,

15  officer, director, manager, partner and/or member of Defendant Stagecoach Retail, LLC., and is or

16  was a controlling person of Defendant Stagecoach Retail, LLC as set forth in 15 U.S.C. §78t(a)

17  and/or acted directly or indirectly through or by means of Defendant Stagecoach Retail, LLC, and

18  has joint and several liability pursuant to the provisions of Section 20(a) of the Securities Act of 1934

19  as possessing, directly or indirectly, the power to direct or cause the direction of Defendant

20  Stagecoach Retail, LLC, whether through ownership of voting securities, by contract, or otherwise,

21  and Defendant S3 Partners, LLC actively used this influence or control so as to be a culpable

22  participant in the primary violations committed by Defendant Stagecoach Retail, LLC.  Plaintiffs

23  base this information and belief on: the Stagecoach Operating Agreement which was signed by

24  Defendant Sims for Defendant S3 Partners, LLC as the company Defendant Stagecoach Retail, LLC,

25  and for Defendant S3 Partners, LLC as the manager of Defendant Stagecoach Retail, LLC; the

26  Stagecoach Brochure, every page of which is labeled "S3 Partners", and which lists Defendant Sims,

27  Defendant Rusty Shields and Defendant Stafford under the heading "Who We Are" and "S3

28  Partners" and expressly identifies each as a "Principal" of Defendant S3 Partners, LLC.

Third Amended Complaint
Case No. 09-CV-01405 RMW

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

55.     Defendant S3 Partners, LLC is liable for statements or omissions by Defendant Sims, Defendant Stafford and Defendant Rusty Shields, Defendant Alaris Development, LLC, Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC, pursuant to common law principles of agency and respondeat superior, which vicarious liability is independent of any derivative liability of Defendant S3 Partners, LLC as a controlling person of Defendant Sims, Defendant Stafford and Defendant Rusty Shields, Defendant Alaris Development, LLC, Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC,  under § 20(a) Exchange Act, 15 U.S.C. § 78t(a).

56.     Defendant Alaris Development, LLC, is liable for statements or omissions by Defendant Sims, Defendant Stafford and Defendant Rusty Shields, pursuant to common law principles of agency and respondeat superior, which vicarious liability is independent of any derivative liability of Defendant Alaris Development, LLC as a controlling person of Defendant Sims, Defendant Stafford and Defendant Rusty Shields under § 20(a) Exchange Act, 15 U.S.C. § 78t(a).

57.     Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC, are liable for statements or omissions by Defendant Sims, pursuant to common law principles of agency and respondeat superior, which vicarious liability is independent of any derivative liability Defendant Sonterra Retail Center, LLC or Defendant Stagecoach Retail, LLC has as a controlling person of Defendant Sims under § 20(a) Exchange Act, 15 U.S.C. § 78t(a).

58.     Upon information and belief, additional facts regarding the relationships between Defendants S3 Partners, LLC, Alaris Development, LLC, Northwest Consulting Group, LLC, Stagecoach Retail, LLC, Sonterra Retail Center, LLC, Michael Sims, Sam Stafford, Rusty Shields, Chastan Shields, and Convergent Management Group, LLC, as to control or as to agents, principals, officers, directors, managers, partners and/or members of each other, including liability pursuant to the provisions of Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78t(a), California Corporations Code Section 25504, and California Corporations Code Section 25504.1, as may be set forth in the operating agreements or records of day-to-day operations for each such LLC, are within the control of such Defendants.

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

59.     This Court has jurisdiction over the subject matter of this action, pursuant to Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa.  The claims asserted herein arise under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), and 78t(a) and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 CFR 240.10b-5.

60.     Further, this Court has supplemental jurisdiction over the second through sixth claims for relief, pursuant to the provisions of 28 U.S.C. § 1367(a), in that said claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

61.     Venue is proper in this District, pursuant to Section 27 of the Exchange Act, 15 U.S.C. 78aa, and 28 U.S.C. §§ 1391(b) and (c).  On information and belief, Defendants Stafford and Sims reside within said District.  Further, assignment to the San Jose Division is appropriate in that a substantial part of the events or omissions, including the March 15, 2007 Presentation, which gave rise to the claims referenced herein occurred in Santa Clara County.

62.     In connection with the wrongful acts alleged in this Third Amended Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails and interstate telephone communications, as set forth herein.

63.     On May 11, 2009 the California Department of Corporations issued the Desist and Refrain Order against the following defendants: S3 Partners, LLC, Michael Sims, Sam S. Stafford, Rusty Shields, Alaris Development, LLC, Stagecoach Retail, LLC, and Sonterra Retail Center, LLC.

64.     The Desist and Refrain Order states findings that Defendants S3 Partners, LLC, Michael Sims, Sam S. Stafford, Rusty Shields, Alaris Development, LLC, Stagecoach Retail, LLC, and Sonterra Retail Center, LLC engaged in a pattern of perpetrating the same basic real estate investment fraud as is set forth in this Third Amended Complaint.

65.     The Desist and Refrain Order states that: (1) Defendants Sims, Stafford and Rusty Shields formed Defendant S3 Partners, LLC in February 2007; (2) Defendants Sims, Stafford and Rusty Shields were all partners in Defendant S3 Partners, LLC; (3) Defendants Sims, Stafford and Rusty Shields formed Defendant S3 Partners, LLC primarily for the purpose of seeking investment

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  capital from individual investors in several separate real estate venture companies structured as

2  limited liability companies; (4) Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail

3  Center, LLC were among such real estate ventures; (5) Defendant S3 Partners, LLC, Defendant

4  Michael Sims, Defendant Sam Stafford and Defendant Rusty Shields held a series of "free lunch"

5  and "free dinner" seminars where they solicited investments in various real estate ventures including

6  Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC; (6) Defendants S3

7  Partners, LLC, Sims, Stafford and Rusty Shields, employed aggressive tactics to market such

8  ventures to primarily elderly investors; (7) such tactics included urging the investors to move IRA

9  funds from managed IRA accounts (which would typically not invest in Defendants' ventures due to

10  fiduciary duties imposed on the IRA managers) into self-directed IRAs which could invest in

11  Defendants' ventures; (9) such tactics included urging the investors to obtain funds to invest in

12  Defendants' ventures by refinancing their homes, thereby converting equity to cash; and (10) such

13  refinancing and investment would put the investors' homes at risk.  (Desist and Refrain Order, pgs.

14  3-6.)

15      66.     The Desist and Refrain Order found that Defendants "S3, Sims, Stafford, and [Rusty]

16  Shields misrepresented the risk inherent in all of the securities offerings offered and sold by S3, by

17  misrepresenting their experience, expertise, and abilities, by misrepresenting the quality and value of

18  the securities, by misrepresenting the quality of the underlying real estate, by misrepresenting the

19  level of involvement and the amount of information the investors would be given post-investment,

20  and/or by misrepresenting the planned (or actual) use of the investors' monies."  (Desist and Refrain

21  Order, pgs. 5-6).

22      67.     The Desist and Refrain Order found that Defendant S3 Partners, LLC used other

23  companies that are alter egos of Defendants Sims, Stafford and Rusty Shields, including Golden

24  Crest Wealth Management, LLC, Golden Crest Affiliate Services, LLC, and Alaris Development,

25  LLC, in the offer and sale of securities, in part to "add[] undeserved credibility to the S3 enterprise."

26  (Desist and Refrain Order, pg. 3.)

27      68.     The Desist and Refrain Order states that Defendants S3, Sims, Stafford, and Rusty

28  Shields attempted to add credibility to their scheme by making false claims that they donate a

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  significant portion of profits from their ventures to charitable organizations.  The Desist and Refrain

2  Order states that:

      (a)      that Defendants S3, Sims, Stafford and Rusty Shields claimed, both in brochures

             and on S3's website that charitable giving "is an important part of their mission,"

      (b)      one such purported charitable entity is a restaurant chain called "The Hungry

             Planet," which Defendant S3 Partners, LLC's website twice states as giving

             "100%" of its profits to charity; and

      (c)      findings of the California Commissioner of Corporations on its information and

             belief that "The Hungry Planet" makes no or insignificant contribution to

             charities.

11       69.     Consistent with the findings in the Desist and Refrain Order, Defendants S3 Partners,

12  LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, Stagecoach Retail, LLC, Sims,

13  Stafford and Rusty Shields, all made claims of expertise about themselves and each other.

14       70.     Defendant S3 Partners, LLC, and other defendants as noted, stated that Defendant

15  Sims has expertise in certain areas by: (1) statements by Defendant S3 Partners, LLC, Defendant

16  Alaris Development, LLC and Defendant Sonterra Retail Center, LLC, in the Sonterra Brochure that

17  Defendant Sims "has over twenty years experience in financial planning and banking" and that he

18  "has appeared on radio and television as an expert guest, covering such topics as retirement planning,

19  real estate investing and wealth management strategies" (Sonterra Brochure, unnumbered page 10);

20  (2) statements by Defendant S3 Partners, LLC and Defendant Stagecoach Retail, LLC, in the

21  Stagecoach Brochure, that Defendant Sims "has over twenty years experience in financial planning

22  and banking" and that he "has appeared on radio and television as an expert guest, covering such

23  topics as retirement planning, real estate investing and wealth management strategies" (Stagecoach

24  Brochure, unnumbered pg. 10); (3) a statement by Defendant S3 Partners, LLC, Defendant Alaris

25  Development, LLC in the Alaris Brochure that he has been "noted for his acumen and expertise in

26  wealth management and financial planning" (Alaris Brochure unnumbered pg. 8); and (5) a

27  statement of the website of S3 Partners, LLC, that he has been "noted for his acumen and expertise in

28  wealth management and financial planning."  (S3 Partners Website, unnumbered pg. 2).

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

71.     Defendant S3 Partners, LLC, and other defendants as noted, stated that Defendant Rusty Shields has expertise in certain areas by: (1) statements on the website of Defendant S3 Partners, LLC that Defendant Rusty Shields has "an extensive background in finance," . . . [and his] previous experience includes tenures as the owner of a mortgage and insurance company, a successful international manager of hedge funds and a real estate developer" (S3 Partners Website, unnumbered pg. 2); (2) statements by Defendant S3 Partners, LLC and Defendant Stagecoach Retail, LLC that Defendant Rusty Shields has "extensive background in several areas of business," that his "area of expertise is in the field of finance," that "he has owned a mortgage and insurance company," that he has "experienced tremendous success as an international hedge fund manager and as a real estate developer." (Stagecoach Brochure, unnumbered pg. 10); (3) statements by Defendant Alaris Development, LLC and Defendant S3 Partners, LLC that the has "an extensive background in finance," was "a successful international manager of hedge funds and a real estate developer," and was previously "the owner of a mortgage and insurance company" (Alaris Brochure unnumbered pg. 8); (4) statements by Defendant S3 Partners, LLC, Defendant Alaris Development, LLC and Defendant Sonterra Retail Center, LLC that he "extensive background in several areas of business," that his "area of expertise is in the field of finance," that "he has owned a mortgage and insurance company," AND that he has "experienced tremendous success as an international hedge fund manager and as a real estate developer." (Sonterra Brochure, unnumbered pg. 10).

72.     Defendant S3 Partners, LLC, and other defendants as noted, stated that Defendant Stafford has expertise in certain areas by: (1) statements by Defendant S3 Partners, LLC that Defendant Stafford "brings his considerable industry experience to bear in the mission of developing high-end retail centers and Aging In Place health management facilities. Skilled in financial feasibility studies and the due diligence required for the acquisition and development of potential sites, he is more than qualified for his role as Principal Developer. The highly regarded Certified Commercial Investment Manager (CCIM) credential is just one of the many prestigious honors earned by Sam. He also holds a development degree from the Urban Land Institute" (S3 Partners Website, unnumbered pg. 2); (2) statements by Defendant S3 Partners, LLC, Defendant Alaris Development, LLC, and Defendant Sonterra Retail Center, LLC that Defendant Stafford "has a

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  proven track record and an in depth knowledge of developing retail, commercial, office and missed

2  use projects. He holds the highly respected credential of Commercial Certified Investment Manager

3  and a development degree from the Urban Land Institute" (Sonterra Brochure, unnumbered pg. 10);

4  and (3) statements by Defendant S3 Partners, LLC and Defendant Alaris Development, LLC that

5  Defendant Stafford is "highly skilled in financial feasibility studies and the due diligence required for

6  the acquisition and development of potential sites, he is more than qualified for his role as Principal

7  Director here at Alaris" (Alaris Brochure unnumbered pg. 8).

8      73.    Defendant Alaris Development, LLC stated that "Alaris Development is notable for

9  its expertise, success and dependability in the development of medical, retail, mixed use and office

10  properties. We bring extensive experience in all aspects of development, construction and financing.

11  Our seasoned team of experts consistently locates and purchases outstanding development and

12  investment opportunities and brings them to fruition through skilled planning, execution and follow-

13  through."

14      74.    Defendant S3 Partners, LLC, and other defendants as noted, attributed the purported

15  expertise of Defendant Sims, Defendant Stafford and Defendant Rusty Shields to Defendant S3

16  Partners, LLC by:

17      (a)    Statements by Defendant S3 Partners, LLC that "S3 Partners oversees the

18          synergistic, interlocking relationship between its member companies, ensuring

19          that each company not only has a core business, but they also have a core mission

20          that lends itself directly to the overall mission of S3 Partners" (S3 Partners

21          Website unnumbered pg. 7);

22      (b)    setting forth on its website biographies of Defendant Sims, Defendant Stafford

23          and Defendant Rusty Shields under the caption "The S3 Partners" (S3 Partners

24          Website, unnumbered pg. 2);

25      (c)    statements by Defendant S3 Partners, LLC, and Defendant Alaris Development,

26          LLC, in the Alaris Brochure, that the "Alaris executive team offers our clients

27          over 100 years of combined experience in producing results that are measurable,

28          sustainable and predictable. Alaris Development is a member of the S3 Partners

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   family of companies.  While the Alaris name is new to the marketplace, our

2   executive team has spent decades leading retail and commercial development,

3   wealth management and finance companies to success";

4   (d)   statements made by Defendant S3 Partners, LLC by and through its agent and

5   principal Defendant Sims at the March 15, 2007 Seminar that Defendant S3

6   Partners, LLC, had been formed by "merging" Defendant Sims, Defendant

7   Stafford and Defendant Rusty Shields and that such merger results in expertise in

8   each area of expertise of each of Defendant Sims, Defendant Stafford and

9   Defendant Rusty Shields;

10   (e)   statements made by Defendant S3 Partners, LLC, Defendant Alaris Development,

11   LLC, and Defendant Stagecoach Retail, LLC, in the Stagecoach Brochure that sets

12   forth under the caption "Who We Are" the biographies of Defendant Sims,

13   Defendant Stafford and Defendant Rusty Shields; and

14   (f)   statements made by Defendant S3 Partners, LLC, Defendant Alaris Development,

15   LLC, and Defendant Sonterra Retail Center, LLC, in the Sonterra Brochure that

16   sets forth under the caption "Meet The Principals" the biographies of Defendant

17   Sims, Defendant Stafford and Defendant Rusty Shields.

18   75.   On April 12, 2007, May 2, 2007, July 6, 2007, and September 25, 2007, Plaintiff

19   Mark Shepherd met with Defendant Sims at the offices of Defendants S3 Partners, LLC, Alaris

20   Development, LLC, Sonterra Retail Center, LLC and Stagecoach Retail, LLC, located at 1625 The

21   Alameda Suite 201 San Jose, CA 95126.

22   76.   At the April 12, 2007 meeting, Defendants S3 Partners, LLC and Alaris Development,

23   LLC, through their principal and agent Defendant Sims, stated to Plaintiff Mark Shepherd that

24   Defendant S3 Partners, LLC was offering to sell securities in LLCs created by Defendants S3

25   Partners, LLC to develop real estate projects.

26   77.   At the May 2, 2007 meeting, Defendants S3 Partners, LLC and Sonterra Retail

27   Center, LLC, through their principal and agent Defendant Sims, stated to Plaintiff Mark Shepherd

28   that Defendants S3 Partners, LLC and Sonterra Retail Center, LLC were offering to sell securities in

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1    Defendant Sonterra Retail Center, LLC to Plaintiffs.

2        78.    At the May 2, 2007 meeting, Defendants S3 Partners, LLC, Alaris Development,

3    LLC, Sonterra Retail Center LLC and Stagecoach Retail, LLC, through their principal and agent

4    Defendant Sims, stated to Plaintiff Mark Shepherd that he should finance his purchase of securities

5    offered by Defendants S3 Partners, LLC by withdrawing equity from Plaintiffs' home, and

6    Defendant Sims referred Plaintiff Mark Shepherd to Robert McCarthy, co-owner of a residential

7    financing company called The Honte Group, to arrange such financing.  McCarthy appeared and

8    spoke at the March 15, 2007 Presentation.

9        79.    In or about May, 2007, Plaintiffs refinanced their home and withdrew $510,000 in

10   equity.

11       80.    On or before July 6, 2007, Plaintiffs read the Alaris Brochure, the Stagecoach

12   Brochure, and the websites for Defendant S3 Partners, LLC and Defendant Alaris Development,

13   LLC.

14       81.    At the July 6, 2007 meeting, Plaintiffs Mark and Delia Shepherd met with Defendant

15   Sims at the offices of Defendants S3 Partners, LLC and Sonterra Retail Center, LLC to finalize the

16   sale of securities in Defendant Sonterra Retail Center, LLC to Plaintiffs.

17       82.    At the July 6, 2007 meeting Plaintiffs signed the Sonterra Operating Agreement,

18   which was counter-signed at such meeting by Defendant Sims as "Manager" of Defendant Sonterra

19   Retail Center, LLC, and by Defendant Sims as "Manager" of Defendant S3 Partners, LLC, which

20   was also identified as "Manager" of Defendant Sonterra Retail Center, LLC.

21       83.    At such meeting, Defendant Sims provided Plaintiffs with a Wire Transfer Fund

22   Instruction Sheet directing payment to be wired to Defendant S3 Partners, LLC's bank.

23       84.    On July 13, 2007 Plaintiffs wired the $510,000 to Defendant S3 Partners, LLC's bank

24   as instructed.

25       85.    At the September 25, 2007 meeting Plaintiffs Mark and Delia Shepherd signed the

26   Stagecoach Operating Agreement, which was counter-signed at such meeting by Defendant Sims as

27   "Manager" of Defendant Stagecoach, LLC, by executing on behalf of Defendant S3 Partners, LLC,

28   and by Defendant Sims as "Manager" of Defendant S3 Partners, LLC, which was also identified as

Third Amended Complaint
Case No. 09-CV-01405 RMW

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1   "Manager" of Defendant Sonterra Retail Center, LLC.  At such meeting, Defendant Sims provided

2   Plaintiffs with a Wire Transfer Fund Instruction Sheet directing payment to be wired to Defendant S3

3   Partners, LLC's bank.

4        86.     On about September, 2007, Plaintiffs drew $150,000 from a home equity line of credit

5   ("HELOC") in their home and wired the $150,000 to Defendant S3 Partners, LLC's bank as

6   instructed.

7             **FIRST CLAIM FOR RELIEF (Federal Securities Fraud)**

8        87.     Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86 above.

9        88.     Prior to execution of the Sonterra Operating Agreement on July 6, 2007, and the

10  Stagecoach Operating Agreement on September 25, 2007, Defendant  S3 Partners, LLC, Defendant

11  Sims, Defendant Stafford, Defendant Rusty Shields, Defendant Alaris Development, LLC, and

12  Defendant Sonterra Retail Center, LLC, made misrepresentations and omissions of material fact with

13  the intent to deceive, manipulate, or defraud Plaintiffs, in connection with the sale to Plaintiffs of

14  securities in Defendant Sonterra Retail Center, LLC, resulting in transaction and loss causation as set

15  forth herein.

16       89.     At the April 12, or May 2, 2007, Defendant S3 Partners, LLC, Defendant Alaris

17  Development, LLC, and Defendant Sonterra Retail Center, LLC, by and through their principal and

18  agent Defendant Sims, gave Plaintiff Mark Shepherd the Alaris Brochure.

19       90.     At the May 2, 2007 meeting, Defendants S3 Partners, LLC and Sonterra Retail

20  Center, LLC, through their principal and agent Defendant Sims, stated to Plaintiff Mark Shepherd

21  that the real property on which the Sonterra Retail Center was being constructed was owned by

22  Defendant S3 Partners, LLC or Defendant Sonterra Retail Center, LLC and that such real property

23  was a valuable asset in which Plaintiffs would own a derivative share corresponding to the amount of

24  Plaintiffs' investment.  Such statements were false when made because Defendants S3 Partners, LLC

25  and Sonterra Retail Center, LLC did not own and had never owned such property.

26       91.     At the July 6, 2007 meeting, Defendants S3 Partners, LLC, Alaris Development, LLC,

27  Sonterra Retail Center, LLC, through their principal and agent Defendant Sims, again stated to

28  Plaintiffs Mark and Delia Shepherd that the real property on which the Sonterra Retail Center was

being constructed was owned by Defendant S3 Partners, LLC or Defendant Sonterra Retail Center, LLC and that such real property was a valuable asset in which Plaintiffs would own a derivative share corresponding to the amount of Plaintiffs' investment.  Such statements were false when made because Defendants S3 Partners, LLC and Sonterra Retail Center, LLC did not own and had never owned such property.

92.     Upon information and belief, Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, and Defendant Sims knew such statements set forth in ¶¶ 90 and 91, were false, or were deliberately reckless as to such falsity, and made such statements with the intent to deceive, manipulate, or defraud Plaintiffs.  Plaintiffs base such information and belief on the following facts:

(a)     statements to Plaintiff Mark Shepherd by the record owner of the Sonterra real property ("Theron Vaughn") that in January 2007, Defendant Stafford, on behalf of Defendant S3 Partners, LLC, had executed two contracts to purchase from Vaughn 93 acres of land, which is the quantity of land identified in the Sonterra Brochure, but which purchases were never completed;

(b)     statements to Plaintiff Mark Shepherd by Theron Vaughn that after failing to close escrow on the dates set, Defendant S3 Partners, LLC, had made one or more monthly payments of $35,000 to extend the closing dates by which Defendant S3 Partners, LLC could complete the purchase of the property;

(c)     statements to Plaintiff Mark Shepherd by Theron Vaughn that he had been in negotiations with Defendant Stafford and Defendant Rusty Shields, who knew the status of negotiations and who knew that Defendant S3 Partners, LLC, had not completed the purchase of the Sonterra real property;

(d)     repeated references during the March 15, 2007 Presentation by Defendant Sims that investors' monies would be secured by ownership of the underlying land;

(e)     repeated references during the March 15, 2007 Presentation by Defendant Rusty Shields that investors' monies would be secured by ownership of the underlying land;

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

(f)  the purported expertise of Defendant S3 Partners, LLC and Defendants Sims, as set forth in ¶¶ 70-74;

(g)  Defendant Sims's access to bank accounts of Defendant S3 Partners, LLC, and Defendant S3 Partners, LLC, as a principal and member of Defendant S3 Partners, LLC, and as a manager of Defendant Sonterra Retail Center, LLC, and his ability to confirm whether payments had been made to Theron Vaughn for the underlying land;

(h)  the substantial financial motives of Defendant Sims, Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and Defendant S3 Partners, LLC in inducing purchases of interests in Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, would receive substantial payments for the sale of interests in Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3 Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, would be paid significant fees as the manager of Defendant Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra Operating Agreement and the Stagecoach Operating Agreement; Defendant Sims would, as one of only three principals, officers, directors, managers, partners and/or members of Defendant S3 Partners, LLC, receive a substantial portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach LLC;

(i)  by offering for sale securities in Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC, those defendants, and Defendant Sims, Defendant S3 Partners, LLC, and Defendant Alaris, LLC Development were deliberately engaged in illegal behavior by selling, within the state of California, securities, without having a license or permit to do so, as set forth in the findings of the Desist and Refrain Order.

93.    At the time of the March 15, 2007 Presentation, Defendant S3 Partners, LLC, Defendant Alaris Development, LLC, Defendant Sims, Defendant Rusty Shields, Defendant Stafford, Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC, were all attempting to obtain the trust and confidence of potential investors in the audience, which relationship gives rise to a duty to disclose facts necessary to render any misleading fact stated at the Presentation not misleading, by promoting their purported charitable activities:

(a)    Defendant Rusty Shields' statement at the at the March 15, 2007 Presentation that charitable giving was a large part of the overall mission of Defendant S3 Partners, LLC, and "its" companies;

(b)    findings set forth in the Desist and Refrain Order that Defendant S3 Partners, LLC, Defendant Sims, Defendant Rusty Shields, and Defendant Stafford, all made claims of such charitable giving (Desist and Refrain Order, pg. 4:25-5:14);

(c)    statements in the Alaris Brochure that "we never violate the trust placed in us by our investors" and that "lasting trust is the kind that is earned" (Alaris Brochure, unnumbered pg. 4);

(d)    statements made on the website of Defendant S3 Partners, LLC (S3 Partners Website, unnumbered pg. 2), in the Alaris Brochure (Alaris Brochure, unnumbered pg. 8), in the Stagecoach Brochure (Stagecoach Brochure, unnumbered pg. 10) and in the Sonterra Brochure (Sonterra Brochure, unnumbered pg. 10) that Defendant Rusty Shields "founded and operates a national non-profit ministry providing budget counseling and financial services to individuals, churches, businesses and other non-profit ministries";

(e)    statements made on the website of Defendant S3 Partners, LLC: which states under the caption "Vision" that "God created us to do something for him. S3 Partners empowers people to ignite their passion, discover their purpose and fulfill the plan God has for their lives." (S3 Partners Website, unnumbered pg. 2).

94.    At the March 15, 2007 Presentation, Defendant S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, and Stagecoach Retail, LLC, through their

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

principals and agents Defendant Rusty Shields and Defendant Sims, stated that the rates of return investors would earn, which rates of return would be determined by the investor's election of one of two funding mechanisms, and would be either 12% annual return, or 15% annual return on the amount of the investment, and that the return based on an investor's out of pocket cash would be either 118% or 156%. Such statements set forth in ¶¶ 95-101 were false or misleading when made, and Defendant S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, and Stagecoach Retail, LLC, through their principals and agents Defendant Rusty Shields and Defendant Sims, knew such statements were false or misleading when made or were deliberately reckless that such representations were false or misleading, and made such statements with the intent to deceive, manipulate, or defraud Plaintiffs.

95.    Such statements were not identified as forward looking or accompanied by any cautionary statements identifying important factors that could cause actual results to differ materially.

96.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal and agent Defendant Sims, stated that investors would receive a return on their investment of either 12% per year, or 15% per year, depending on whether the investor financed such investment with the proceeds of a Home Equity Line of Credit ("HELOC"), which investment would be returned at the end of the project.

97.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal and agent Defendant Rusty Shields, stated that the return for investments funded by investors who obtained the investment amounts through a HELOC would be 12% annually, for three years, and that the return for investments paid with cash, 1031 exchanges, or self-directed IRAs would be 15% annually.

98.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal and agent Defendant Rusty Shields, stated that "this system . . . pays 12% return; that's what this system pays," "it's 12% if you come in with one of these systems," "if you come in all of our other systems pay 15%," if "you do a 1031 – you get 15% not 12," "if you do a self-directed IRA you get 15%," "your return is always first – at that rate" (where Defendant Rusty Shields indicated a video

1   projection that showed 12% as the rate of return) and "it's gonna work."

2   99.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal

3   and agent Defendant Rusty Shields, stated that if the investor chooses a HELOC that is interest-only

4   during the three year period of each respective investment with Defendants, and if the investor

5   chooses a HELOC in the full amount of their investment with Defendants, the return on actual out of

6   pocket cash would be 118%.

7   100.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal

8   and agent Defendant Rusty Shields, stated that if the investor chooses a HELOC that is interest-only

9   during the three year period of each respective investment with Defendants, and if the investor

10   chooses a HELOC in an amount sufficiently greater than the amount of their investment with

11   Defendants, such that the surplus funds are sufficient to make interest only payments on such

12   HELOC during the three year period of each respective investment with Defendants, the return on

13   actual out of pocket cash would be 156%.

14   101.    At the March 15, 2007 presentation Defendant S3 Partners, LLC, through its principal

15   and agent Defendant Rusty Shields, stated that the 12% and 15% annual rates of return, that the

16   118% and 156% total returns on investment, were based on the "worst case" scenario, and Defendant

17   S3 Partners, LLC and Defendant Alaris Development, LLC, by and through their principal and agent

18   Defendant Stafford, stated that the only risk in such investments was if the project took longer to

19   complete than anticipated.

20   102.    Upon information and belief, such statements set forth in ¶¶ 93-101 were false or

21   misleading when made because:  Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra

22   Retail Center, LLC, Defendant Sims, and Defendant Rusty Shields had not provided financial

23   statements from any prior such project showing that prior investors had been paid such returns on

24   investment; real estate investments are objectively speculative and there is no historical data to

25   support such unqualified statements of return on investment in real estate; and were not accompanied

26   by any cautionary statements identifying important factors that could cause actual results to differ

27   materially.

28   103.    Upon information and belief, Defendants S3 Partners, LLC, Alaris Development,

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

36

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   LLC, Sonterra Retail Center, LLC, Defendant Sims, Defendant Rusty Shields, and Defendant

2   Stafford, knew such statements set forth in ¶¶ 93-101 were false or misleading, or were deliberately

3   reckless that such representations were false or misleading, and made such statements with the intent

4   to deceive, manipulate, or defraud Plaintiffs.   Plaintiffs base such information and belief on the

5   following facts:

6         (a)     The substantial financial motives of Defendant Sims, Defendant Rusty Shields,

7              Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and

8              Defendant S3 Partners, LLC in inducing purchases of interests in Defendant

9              Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant

10             S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

11             Stagecoach LLC, would receive substantial payments for the sale of interests in

12             Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3

13             Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant

14             Stagecoach LLC, would be paid significant fees as the manager of Defendant

15             Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra

16             Operating Agreement and the Stagecoach Operating Agreement; Defendant Rusty

17             Shields would, as one of only three principals, officers, directors, managers,

18             partners and/or members of Defendant S3 Partners, LLC, receive a substantial

19             portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra

20             Retail Center, LLC, and Defendant Stagecoach LLC;

21        (b)     on findings in the Desist and Refrain Order that Defendants S3 Partners, LLC,

22             Alaris Development, LLC, Sonterra Retail Center, LLC, Defendant Sims and

23             Defendant Rusty Shields all misrepresented the risk inherent in the securities

24             offerings offered and sold by Defendant S3 Partners, LLC, misrepresented the

25             quality and value of the securities, and misrepresented the quality of the

26             underlying real estate;

27        (c)     on the expertise claims by Defendant S3 Partners, LLC, Defendant Alaris

28             Development, LLC, Defendant Sims, Defendant Rusty Shields, and Defendant

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   Stafford as set forth in ¶¶ 70-74, because persons having such expertise would

2   know the actual or likely falsity of such unqualified statements of return on

3   investment and would know that disclosure of additional facts would be necessary

4   to render such statements not misleading;

5   (d)   by offering for sale securities in Defendant Sonterra Retail Center, LLC and

6   Defendant Stagecoach Retail, LLC, Defendant Sims, Defendant S3 Partners, LLC,

7   and Defendant Alaris Development, LLC were deliberately engaged in illegal

8   behavior by selling securities within the state of California without having a

9   license or permit to do so, as set forth in the findings of the Desist and Refrain

10   Order.

11   104.   Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center,

12   LLC, Sims, Rusty Shields, and Stafford all had a duty, arising from the relationship of trust and

13   confidence they cultivated between them and potential investors, as alleged in ¶¶ 68, 93, to disclose

14   facts necessary to render such statements set forth in ¶¶ 93-101 not misleading.

15   105.   At the March 15, 2007 Presentation, Defendants S3 Partners, LLC, Alaris

16   Development, LLC, Sonterra Retail Center, LLC, by and through their agents and principals,

17   Defendant Sims and Defendant Rusty Shields, stated that investors would be repaid their principal

18   and interest before any payments would be made to Defendant S3 Partners, LLC, Defendant Sonterra

19   Retail Center, LLC, and Defendant Stagecoach LLC.

20   106.   At the March 15, 2007 Presentation, Defendant Sims stated that: "yourselves and the

21   banks get paid first on everything, we get paid last"; "investors and bank get paid first, we get paid

22   last.  Class B shares always gets paid first."

23   107.   At the March 15, 2007 Presentation, Defendant Rusty Shields stated that: "you get

24   paid before we get paid" and "your return is always first – at that rate" (where Defendant Rusty

25   Shields indicated a projection screen showing 12%).

26   108.   Upon information and belief, such statements were false or misleading when made,

27   and Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC,

28   Defendant Rusty Shields Defendant Sims and Defendant Stafford, knew such statements set forth in

¶¶105-107 were false or misleading, or were deliberately reckless that such statements were false or misleading, and made such statements with the intent to deceive, manipulate, or defraud Plaintiffs. Plaintiffs base such information and belief on the following facts:

    (a)    The actual terms of the Sonterra Operating Agreement and the Stagecoach Operating Agreement provided for payment of numerous amounts to Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach LLC at times prior to any date on which investors would be repaid their principal investment and accrued interest, in contradiction of the statements by Defendant Sims and Defendant Rusty Shields that the investors would be paid before any payments would be made to Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach LLC;

    (b)    On information and belief, that as of March 15, 2007, Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, Defendant Rusty Shields and Defendant Sims all had access to drafts or form documents that contained the same provisions regarding payments as fees or wages as those set forth in the actual Sonterra Operating Agreement and the Stagecoach Operating Agreement;

    (c)    The Sonterra Operating Agreement and the Stagecoach Operating Agreement contain provisions regarding such payments to Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach Retail, LLC, which provisions are identical or nearly identical in both such final agreements;

    (d)    On May 2, 2007, Defendant Sims gave Plaintiffs a sample operating agreement for Defendant Sonterra Retail Center, LLC, which sample contained identical or nearly identical language regarding such payments to Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC;

    (e)    On April 12, 2007, another investor in Defendant Sonterra Retail Center, LLC, George Doub, received a copy of the Sonterra Operating Agreement that contained provisions regarding such payments to Defendant S3 Partners, LLC,

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

Third Amended Complaint
Case No. 09-CV-01405 RMW

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1    Defendant Sonterra Retail Center, LLC;

2    (f)    The substantial financial motives of Defendant Sims, Defendant Rusty Shields,

3    Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and

4    Defendant S3 Partners, LLC in inducing purchases of interests in Defendant

5    Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant

6    S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

7    Stagecoach LLC, would receive substantial payments for the sale of interests in

8    Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3

9    Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant

10    Stagecoach LLC, would be paid significant fees as the manager of Defendant

11    Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra

12    Operating Agreement and the Stagecoach Operating Agreement; Defendant Rusty

13    Shields would, as one of only three principals, officers, directors, managers,

14    partners and/or members of Defendant S3 Partners, LLC, receive a substantial

15    portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra

16    Retail Center, LLC, and Defendant Stagecoach LLC;

17    (g)    By offering for sale securities in Defendant Sonterra Retail Center, LLC and

18    Defendant Stagecoach Retail, LLC, those defendants, Defendant Sims, Defendant

19    S3 Partners, LLC, and Defendant Alaris, LLC development were deliberately

20    engaged in illegal behavior by selling, within the state of California, securities,

21    without having a license or permit to do so, as set forth in the findings of the

22    Desist and Refrain Order;

23    (h)    on the expertise claims by Defendant S3 Partners, LLC, Defendant Alaris

24    Development, LLC, Defendant Sims, Defendant Stafford and Defendant Rusty

25    Shields as set forth in ¶¶ 70-74, because persons having such expertise would or

26    should know the terms and conditions of the relevant operating agreements;

27    (i)    By offering for sale securities in Defendant Sonterra Retail Center, LLC and

28    Defendant Stagecoach Retail, LLC, those defendants, Defendant Sims, Defendant

40

S3 Partners, LLC, and Defendant Alaris, LLC development were deliberately engaged in illegal behavior by selling, within the state of California, securities, without having a license or permit to do so, as set forth in the findings of the Desist and Refrain Order. and

(j)     On findings in the Desist and Refrain Order that Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, Defendant Stagecoach Retail, LLC, Defendant Alaris Development, LLC, Defendant Sims, Defendant Rusty Shields and Defendant Stafford, misrepresented the risk inherent in the securities offerings offered and sold by Defendant S3 Partners, LLC, misrepresented the quality and value of the securities, and misrepresented the quality of the underlying real estate.

109.    Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, Sims, Rusty Shields, and Stafford all had a duty, arising from the relationship of trust and confidence between them and potential investors, as alleged in ¶¶ 68, 93, to disclose facts regarding the terms and conditions of the operating agreements that were necessary to render statements as set forth in ¶¶ 105-107 not misleading.

110.    At the time of execution of the Sonterra Operating Agreement on July 6, 2007, and the Stagecoach Operating Agreement on September 25, 2007, the relationship between Plaintiffs, on the one hand, and Defendant S3 Partners, LLC, Defendant Sims, Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC, on the other hand, was one of trust and confidence, with the status of Defendant S3 Partners, LLC and Defendant Sims as managers of Defendant Sonterra Retail Center, LLC, and Defendant S3 Partners, LLC as manager of Defendant Stagecoach Retail, LLC, giving rise to fiduciary duties owed to Plaintiffs as members of Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC.

111.    At such time Defendant S3 Partners, LLC and Defendant Sims had the duty to disclose to Plaintiffs facts regarding the following terms and conditions of each operating agreement, which facts would have been material to Plaintiffs in deciding to purchase the interests in Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC, which facts, if disclosed by

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  Defendant S3 Partners, LLC and Defendant Sims to Plaintiffs, would have resulted in Plaintiffs not

2  purchasing the interests in Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center,

3  LLC, and which facts were necessary to render the statements described in ¶¶ 105-107 not

4  misleading:

5      (a)    That any Manager of Defendant Stagecoach Retail, LLC or Defendant Sonterra

6  Retail Center, LLC, would by the terms of the Operating Agreement for such

7  Company purportedly be entitled to employ or contract the services of any person,

8  and set the compensation thereof, which compensation could be paid before

9  completion of any project and before repayment of the Plaintiffs' investments in

10  such Company and payment of the promised returns thereon. (Sonterra Operating

11  Agreement, Stagecoach Operating Agreement, §2.2(i));

12      (b)    That any Manager of Defendant Stagecoach Retail, LLC or Defendant Sonterra

13  Retail Center, LLC, would by the terms of the Operating Agreement for such

14  Company purportedly be entitled to receive payment of: an organizational fee

15  equal to 3% of the value of the assets owned or managed by each Company,

16  which organizational fee would be payable not more than six months from the

17  effective date of such Operating Agreement for such Company; a management fee

18  equal to 2% per annum of the value of the assets owned or managed by each

19  Company, which management fee would be payable monthly or quarterly as

20  determined by the Managers of Company; and a brokerage fee for the purchase or

21  sale of real property equal to 3% (the operating agreements do not say against

22  what such 3% brokerage fee would apply); all of which could be paid before

23  completion of any project and before repayment of the Plaintiffs' investments in

24  such Company and payment of the promised returns thereon.  (Sonterra Operating

25  Agreement, Stagecoach Operating Agreement, § 6.6);

26      (c)    That any Manager of Defendant Stagecoach Retail, LLC or Defendant Sonterra

27  Retail Center, LLC, would by the terms of the Operating Agreement for such

28  Company purportedly be entitled to consider his or her own interests in the

42

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

exercise of any discretion as a Manager of any Company, and without any duty or obligation to give any consideration to any interest of or factors affecting the Company or any other person.   (Sonterra Operating Agreement, Stagecoach Operating Agreement, § 12.2(b));

(d)      That any Manager of Defendant Stagecoach Retail, LLC or Defendant Sonterra Retail Center, LLC, would by the terms of the Operating Agreement for such Company purportedly be entitled to issue and sell, and to determine the price therefore, of any equity interest in the LLC, even if such sale of additional equity interests would dilute the ownership interest of the Members thereof, including Plaintiffs'.  (Sonterra Operating Agreement, Stagecoach Operating Agreement, § 4.4 (b),(c));

(e)      That Manager of Defendant Stagecoach Retail, LLC or Defendant Sonterra Retail Center, LLC, would by the terms of the Operating Agreement for such Company purportedly be entitled to encumber land that the LLC purchased with investor funds.   (Sonterra Operating Agreement, Stagecoach Operating Agreement, §§ 2.2(b), 2.2(f).

112.     Upon information and belief, Defendants S3 Partners, LLC, Alaris Development, LLC, Sonterra Retail Center, LLC, Stagecoach Retail, LLC, Defendant Stafford and Defendant Sims, knew such statements set forth in ¶¶ 105-107 were false or misleading, or were deliberately reckless that such statements were false or misleading, failed to disclose facts regarding the terms and conditions of the operating agreements sufficient to render any statements regarding guarantee rate of return or that investors would be paid first, and knew that failing to disclose facts about the terms and conditions of the two Operating Agreements presented a danger of misleading Plaintiffs, which danger was known to them, or was so obvious that they must have been aware of such danger, and made such statements and omissions with the intent to deceive, manipulate, or defraud Plaintiffs. Plaintiffs base such information and belief on the following facts:

(a)      The substantial financial motives of Defendant Sims, Defendant Rusty Shields, Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   Defendant S3 Partners, LLC in inducing purchases of interests in Defendant

2   Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant

3   S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

4   Stagecoach LLC, would receive substantial payments for the sale of interests in

5   Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3

6   Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant

7   Stagecoach LLC, would be paid significant fees as the manager of Defendant

8   Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra

9   Operating Agreement and the Stagecoach Operating Agreement; Defendant Rusty

10   Shields would, as one of only three principals, officers, directors, managers,

11   partners and/or members of Defendant S3 Partners, LLC, receive a substantial

12   portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra

13   Retail Center, LLC, and Defendant Stagecoach LLC;

14   (b)   By offering for sale securities in Defendant Sonterra Retail Center, LLC and

15   Defendant Stagecoach Retail, LLC, those defendants, Defendant Sims, Defendant

16   S3 Partners, LLC, and Defendant Alaris, LLC development were deliberately

17   engaged in illegal behavior by selling, within the state of California, securities,

18   without having a license or permit to do so, as set forth in the findings of the

19   Desist and Refrain Order;

20   (c)   the purported expertise of Defendant S3 Partners, LLC and Defendants Sims, as

21   set forth in ¶¶ 70-74.

22   113.   At the time of execution of the Sonterra Operating Agreement on July 6, 2007, and

23   the Stagecoach Operating Agreement on September 25, 2007, the relationship between Plaintiffs, on

24   the one hand, and Defendant S3 Partners, LLC, Defendant Sims, Defendant Stagecoach Retail, LLC

25   and Defendant Sonterra Retail Center, LLC, on the other hand, was one of trust and confidence, with

26   the status of Defendant S3 Partners, LLC and Defendant Sims as managers of Defendant Sonterra

27   Retail Center, LLC, and Defendant S3 Partners, LLC as manager of Defendant Stagecoach Retail,

28   LLC, owing fiduciary duties to Plaintiffs as members of Defendant Stagecoach Retail, LLC and

44

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1    Defendant Sonterra Retail Center, LLC.

2        114.    At such times Defendant S3 Partners, LLC, Defendant Sims, Defendant Stagecoach

3    Retail, LLC and Defendant Sonterra Retail Center, LLC, had the duty to disclose to Plaintiffs the

4    following facts, which would have been material to Plaintiffs in deciding to purchase the interests in

5    Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center, LLC, and if disclosed by

6    Defendant S3 Partners, LLC and Defendant Sims to Plaintiffs, would have resulted in Plaintiffs not

7    purchasing the interests in Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center,

8    LLC:

9            (a)    That in 1978 the California Department of Real Estate indefinitely suspended

10                  Defendant Sims's real estate license as set forth in ¶ 12.

11           (b)    Rusty Shield's criminal convictions, bankruptcy, and foreclosure as set forth in ¶¶

12                  14, 15.

13       115.    Upon information and belief, the failure of Defendant S3 Partners, LLC and

14   Defendant Sims to disclose to Plaintiffs the facts set forth in ¶¶ 12, 14, 15, was an extreme departure

15   from the standards of ordinary care, presenting a danger of misleading Plaintiffs that was known to

16   Defendant S3 Partners, LLC and Defendant Sims or was so obvious that Defendant S3 Partners, LLC

17   and Defendant Sims must have been aware of it, and, on information and belief, that Defendant S3

18   Partners, LLC and Defendant Sims failed to disclose such facts with the intent to deceive,

19   manipulate, or defraud Plaintiffs.  Plaintiffs base such information and belief on:

20           (a)    The substantial financial motives of Defendant Sims, Defendant Rusty Shields,

21                  Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and

22                  Defendant S3 Partners, LLC in inducing purchases of interests in Defendant

23                  Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant

24                  S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

25                  Stagecoach LLC, would receive substantial payments for the sale of interests in

26                  Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3

27                  Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant

28                  Stagecoach LLC, would be paid significant fees as the manager of Defendant

Third Amended Complaint
Case No. 09-CV-01405 RMW

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1  Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra

2  Operating Agreement and the Stagecoach Operating Agreement; Defendant Rusty

3  Shields would, as one of only three principals, officers, directors, managers,

4  partners and/or members of Defendant S3 Partners, LLC, receive a substantial

5  portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra

6  Retail Center, LLC, and Defendant Stagecoach LLC;

7  (b)  By offering for sale securities in Defendant Sonterra Retail Center, LLC and

8  Defendant Stagecoach Retail, LLC, those defendants, Defendant Sims, Defendant

9  S3 Partners, LLC, and Defendant Alaris, LLC development were deliberately

10  engaged in illegal behavior by selling, within the state of California, securities,

11  without having a license or permit to do so, as set forth in the findings of the

12  Desist and Refrain Order;

13  (c)  the purported expertise of Defendant S3 Partners, LLC and Defendants Sims, as

14  set forth in ¶¶ 70-74.

15  116.   At the April 12, or May 2, 2007 meetings between Plaintiff Mark Shepherd,

16  Defendant S3 Partners, LLC, Defendant Alaris Development, LLC, and Defendant Sonterra Retail

17  Center, LLC, by and through their principal and agent Defendant Sims, gave the Alaris Brochure to

18  Plaintiff Mark Shepherd.  The Alaris Brochure stated that "we produce substantial results time and

19  time again" and "Alaris consistently achieves higher returns for our investors."  (Alaris Brochure,

20  pgs. 2-3).  Both statements were false under the circumstances, because Alaris Development, LLC

21  had only been created in April, 2007.

22  117.   Upon information and belief, Defendants S3 Partners, LLC, Alaris Development,

23  LLC, Sonterra Retail Center, LLC, and Defendant Sims knew such statements were false or

24  misleading, or were deliberately reckless as to such falsity, and made such statements with the intent

25  to deceive, manipulate, or defraud Plaintiffs.  Plaintiffs base such information and belief on the

26  following facts:

27  (a)  The substantial financial motives of Defendant Sims, Defendant Rusty Shields,

28  Defendant Sonterra Retail Center, LLC, Defendant Stagecoach LLC, and

46

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1    Defendant S3 Partners, LLC in inducing purchases of interests in Defendant

2    Sonterra Retail Center, LLC, and Defendant Stagecoach LLC, where: Defendant

3    S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

4    Stagecoach LLC, would receive substantial payments for the sale of interests in

5    Sonterra Retail Center, LLC, and Defendant Stagecoach LLC; Defendant S3

6    Partners, LLC, as the manager of Sonterra Retail Center, LLC, and Defendant

7    Stagecoach LLC, would be paid significant fees as the manager of Defendant

8    Sonterra Retail Center, LLC pursuant to the terms and conditions of the Sonterra

9    Operating Agreement and the Stagecoach Operating Agreement; Defendant Rusty

10   Shields would, as one of only three principals, officers, directors, managers,

11   partners and/or members of Defendant S3 Partners, LLC, receive a substantial

12   portion of all such amounts paid by Plaintiffs for interests in Defendant Sonterra

13   Retail Center, LLC, and Defendant Stagecoach LLC;

14   (b)   on findings in the Desist and Refrain Order that Defendants S3 Partners, LLC,

15         Alaris Development, LLC, Sonterra Retail Center, LLC, Defendant Sims and

16         Defendant Rusty Shields all misrepresented the risk inherent in the securities

17         offerings offered and sold by Defendant S3 Partners, LLC, misrepresented the

18         quality and value of the securities, and misrepresented the quality of the

19         underlying real estate;

20   (c)   on the expertise claims by Defendant S3 Partners, LLC, Defendant Alaris

21         Development, LLC, Defendant Sims and Defendant Rusty Shields, because

22         persons having such expertise would know the actual or likely falsity of such

23         unqualified statements of return on investment and would know that disclosure of

24         additional facts would be necessary to render such statements not misleading;

25   (d)   By offering for sale securities in Defendant Sonterra Retail Center, LLC and

26         Defendant Stagecoach Retail, LLC, those defendants, Defendant Sims, Defendant

27         S3 Partners, LLC, and Defendant Alaris, LLC development were deliberately

28         engaged in illegal behavior by selling, within the state of California, securities,

47

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1         without having a license or permit to do so, as set forth in the findings of the

2         Desist and Refrain Order.

3       118.    In justifiable reliance on the false or misleading representations, and omissions of

4 material facts set forth above, Plaintiffs purchased securities from Defendant S3 Partners, LLC,

5 Sonterra Retail Center, LLC, and Stagecoach Retail, LLC, for which they paid the total sum of

6 $660,000.

7       119.    On the dates of each such purchase, July 6, 2007 and September 25, 2007, the actual

8 value of such securities was substantially less than the amounts paid by Plaintiffs.  As a result of

9 Defendants' misrepresentations and omissions, including misrepresentations and omissions regarding

10 their experience, prior success, value of the underlying property, and ownership of the underlying

11 property, Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC both failed,

12 and the value of such securities declined as a result of such failure.  Plaintiffs could not at any time

13 been able to sell the securities as the terms and conditions of the operating agreements permit

14 transfer of investors' interests only via surrender to the Company of Certificates evidencing the

15 sellers' ownership interest, Plaintiffs were not provided with Certificates at any time, and any such

16 transfer requires the approval by the Company.

17

18 **WHEREFORE**, Plaintiffs pray judgment as follows:

19         **SECOND CLAIM FOR RELIEF** (State Securities Fraud)

20       120.    Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86 and 88-118,

21 above.

22       121.    The interests in Sonterra Retail Center, LLC, and Stagecoach Retail, LLC, are

23 securities that were offered and sold in the State of California, and are subject to qualification under

24 the Corporate Securities Law of 1968.

25       122.    Plaintiffs purchased the securities by executing the Sonterra Operating Agreement,

26 where the counterparties to such agreement were Defendant Sonterra Retail Center, LLC, Defendant

27 S3 Partners, LLC, and by executing the Stagecoach Operating Agreement, where the counterparties

28 to such agreement were Defendant Stagecoach Retail, LLC, Defendant S3 Partners, LLC, and

1   Plaintiffs are therefore in privity with Defendant S3 Partners, LLC, Defendant Stagecoach Retail,

2   LLC, and Defendant Sonterra Retail Center, LLC.

3       123.    These securities have been and were offered and sold in the State of California, by

4   Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach

5   Retail, LLC, by means of written and oral communications that contain untrue statements or

6   omissions of material facts, in violation of California Corporations Code section 25401, and

7   Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach

8   Retail, LLC are civilly liable for such violations as set forth in California Corporations Code section

9   25501.

10      124.    Such written and oral communications contain untrue statements or omissions of

11  material facts, as set forth in ¶¶ 88-116.

12      125.    Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and Defendant

13  Stagecoach Retail, LLC offered and sold such securities without being qualified or exempt, in

14  violation of California Corporations Code section 25110.  Defendant S3 Partners, LLC, Defendant

15  Sonterra Retail Center, LLC, and Defendant Stagecoach Retail, LLC are civilly liable for such

16  violations as set forth in California Corporations Code section 25503.

17      126.    Defendant S3 Partners, LLC is vicariously liable for statements or omissions by

18  Defendant Sims, Defendant Stafford and Defendant Rusty Shields, Defendant Alaris Development,

19  LLC, Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC, pursuant to

20  common law principles of agency and respondeat superior.

21      127.    Defendant Sonterra Retail Center, LLC and Defendant Stagecoach Retail, LLC, are

22  vicariously liable for statements or omissions by Defendant Sims, pursuant to common law

23  principles of agency and respondeat superior.

24      128.    On information and belief, the following defendants have derivative liability for

25  primary violations of Defendant S3 Partners, LLC, Defendant Sonterra Retail Center, LLC, and

26  Defendant Stagecoach Retail, LLC pursuant to Corporations Code section 25504, as set forth above:

27          (a)     Defendant S3 Partners, LLC is in direct or indirect control of, or occupies a status

28                  or performs functions similar to a partner in a partnership, or a principal executive

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

49

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA 94306
(650) 289-9088

1      officer or director of a corporation: Defendant Sonterra Retail Center, LLC, and

2      Defendant Stagecoach Retail, LLC as set forth in ¶¶ 47-50;

3     (b)     Defendant S3 Partners, LLC, is directly or indirectly controlled by: Defendant

4      Sims as set forth in ¶¶ 9-10, by direct or indirect control, or who occupies a status

5      or performs functions similar to a partner in a partnership, or a principal executive

6      officer or director of a corporation; Defendant Rusty Shields as set forth in ¶¶ 16-

7      17, by direct or indirect control, or who occupies a status or performs functions

8      similar to a partner in a partnership, or a principal executive officer or director of a

9      corporation; Defendant Stafford as set forth in ¶¶ 20-21, by direct or indirect

10      control, or who occupies a status or performs functions similar to a partner in a

11      partnership, or a principal executive officer or director of a corporation; Defendant

12      Northwest Consulting, LLC as set forth in ¶¶ 23-28, by direct or indirect control,

13      or who occupies a status or performs functions similar to a partner in a

14      partnership, or a principal executive officer or director of a corporation.

15     (c)     Defendant Northwest Consulting, LLC, is directly or indirectly controlled by:

16      Defendant Rusty Shields as set forth in ¶¶ 26, 29, by direct or indirect control, or

17      who occupies a status or performs functions similar to a partner in a partnership,

18      or a principal executive officer or director of a corporation; Defendant Chastan

19      Shields as set forth in ¶¶ 29, 31, by direct or indirect control, or who occupies a

20      status or performs functions similar to a partner in a partnership, or a principal

21      executive officer or director of a corporation; Defendant Convergent Management

22      Group, LLC as set forth in ¶ 31, by direct or indirect control, or who occupies a

23      status or performs functions similar to a partner in a partnership, or a principal

24      executive officer or director of a corporation

25     (d)     Defendant Convergent Management Group, LLC is directly or indirectly

26      controlled by: Defendant Northwest Consulting, LLC as set forth in ¶ 30, by direct

27      or indirect control, or who occupies a status or performs functions similar to a

28      partner in a partnership, or a principal executive officer or director of a

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   corporation.

2   129.   On information and belief, the following defendants materially assisted in the primary

3   violations of Corporations Code sections 25401 and 25510, as set forth above, and are jointly and

4   severally liable pursuant to Corporations Code section 25401.1:

5   (a)   Defendant S3 Partners, LLC assisted: Defendant Sonterra Retail Center, LLC, and

6   Defendant Stagecoach Retail, LLC as set forth in ¶¶ 85, 88-117;

7   (b)   Defendant S3 Partners, LLC was assisted by: Defendant Sims, as set forth in ¶¶

8   89-90, 92, 93, 94, 104, 105, 109, 110, 112, 113, 115; Defendant Rusty Shields, as

9   set forth in ¶¶ 92, 93, 96, 97, 98, 99, 100, 104, 106; Defendant Stafford, as set

10   forth in ¶¶ 92.

11   130.   Pursuant to California Corporations Code § 25501, Plaintiffs are entitled to rescission

12   and damages by virtue of direct violations of Corporations Code § 25401 by Defendant S3 Partners,

13   LLC, Defendant Sonterra Retail Center, LLC, and Defendant Stagecoach Retail, LLC as against such

14   primary violators, against any controlling persons of such primary violators as set forth above, and

15   against any person who materially assisted in such violations, as provided in § 25401.1.  Plaintiffs

16   hereby tender the securities purchased for rescission, pursuant to California Corporations Code §

17   25501.

18

19   **WHEREFORE**, Plaintiffs pray judgment as follows:

20   **THIRD CLAIM FOR RELIEF (Intentional Misrepresentation)**

21   131.   Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86, 88-118, above.

22   132.   The material misrepresentations and material omissions referenced above were

23   fraudulent at the time made.

24   133.   When Defendants made said misrepresentations they knew them to be false or were

25   deliberately reckless as to such falsity.

26   134.    Said misrepresentations and failures to disclose were done with the intent to deceive

27   and defraud Plaintiffs.

28   135.   Plaintiffs were ignorant of the falsity of Defendants' representations and the trust of

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

the non-disclosed matters, and believed them to be true.  In actual and justifiable reliance on said misrepresentations and failures to disclose, Plaintiffs were induced to, and did, invest the sum of $660,000 in Stagecoach Retail, LLC and Sonterra Retail Center, LLC.  Plaintiffs' reliance on Defendants' misrepresentations was reasonable and justified under the circumstances.

136.   As a proximate result of the fraudulent conduct of Defendants, Plaintiffs have suffered damages in an amount not yet determined, but in excess of the jurisdictional minimums of this Court.

137.   Defendants' acts of intentional misrepresentation and concealment of material facts constituted malice, fraud, or oppression, thus entitling Plaintiffs to exemplary and punitive damages, in addition to actual damages suffered.

**WHEREFORE**, Plaintiffs pray judgment as follows:

### FOURTH CLAIM FOR RELIEF (Negligent Misrepresentation)

138.   Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86, 88-118 above, but alleges in the alternative that such statements made by Defendants were made without reasonable grounds for believing such statements to be true, or were made in a manner not warranted by the information available to Defendants.

139.   Plaintiffs' reliance on Defendants' representations was justified.

140.   As a result of and in reliance on said representations, Plaintiffs invested the sum of $660,000 in Stagecoach and Sonterra, which investment has been fully or substantially lost, all to Plaintiffs' damage in an amount not yet determined.

**WHEREFORE**, Plaintiffs pray judgment as follows:

### FIFTH CLAIM FOR RELIEF (Fraud in the Inducement)

141.   Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86, 88-118, above.

142.   The material misrepresentations and material omissions referenced above were fraudulent at the time made.

143.   When Defendants made said misrepresentations they knew them to be false.

144.    Said misrepresentations and failures to disclose were done with the intent to deceive and defraud Plaintiff.

145.   Plaintiffs were ignorant of the falsity of Defendants' representations and the trust of

RICE & BRONITSKY
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

1   the non-disclosed matters, and believed them to be true.  In reliance on said misrepresentations and

2   failures to disclose, Plaintiffs were induced to, and did, enter into the Operating Agreements for

3   Stagecoach Retail LLC and Sonterra Retail LLC.

4        146.    Plaintiffs' reliance on Defendants' fraudulent misrepresentation was reasonable and

5   justified under the circumstances.

6        147.    As a proximate result of the fraudulent conduct of Defendants, Plaintiffs has suffered

7   damages in an amount not yet determined, but in excess of the jurisdictional minimums of this Court.

8        148.    Defendants' acts of intentional misrepresentation and concealment of material facts

9   constituted malice, fraud, or oppression, thus entitling Plaintiffs to exemplary and punitive damages,

10  in addition to actual damages suffered.

11  **WHEREFORE**, Plaintiffs pray judgment as follows:

12  <u>**SIXTH CLAIM FOR RELIEF (Rescission and Restitution)**</u>

13       149.    Plaintiffs incorporate by reference, as though set forth in full, ¶¶ 1-86, 88-118, above.

14       150.    By virtue of the negligent and/or intentional misrepresentations by Defendants, and of

15  the negligent or intentional concealment of material facts, either indirectly and/or directly, regarding

16  Plaintiffs' investment in Defendant Stagecoach Retail, LLC and Defendant Sonterra Retail Center,

17  LLC, Plaintiffs are entitled to rescission of the underlying purchase contracts and to restitution of all

18  amounts paid by them with respect thereto, and further, pursuant to California Civil Code Section

19  1689 and as otherwise permitted by law, and to all other damages and remedies as permitted by law.

20       151.    As a separate basis for rescission, Plaintiffs incorporate by reference, as though set

21  forth in full, Plaintiffs' Second Claim for Relief..

22       152.    The securities sold by Defendants to Plaintiffs were neither qualified for sale, nor

23  exempt therefrom, Plaintiffs are entitled to, and hereby demand rescission of the purchase of said

24  securities, and refund of the amounts invested by them, pursuant to California Corporations Code §

25  25503 and other applicable law, and to all other damages and remedies as permitted by law.

26  **WHEREFORE,** Plaintiffs pray judgment as follows:

27       1.  For damages according to proof;

28       2.  For punitive or exemplary damages on the Third, and Fifth Claims for Relief;

3.  For rescission of the underlying transactions, and for restitution;

4.  For interest;

5.  For attorneys' fees pursuant to the Operating Agreements for Stagecoach LLC and Sonterra LLC;

6.  For costs;

7.  For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Dated:  January 4, 2010

**RICE & BRONITSKY**

By:  /s/ Paul E. Rice
Paul E. Rice
Attorneys for Plaintiffs
Mark Shepherd and Delia Shepherd

**RICE & BRONITSKY**
350 Cambridge Ave., Suite 225
Palo Alto, CA  94306
(650) 289-9088

Third Amended Complaint
Case No. 09-CV-01405 RMW