**E-FILED on** 10/20/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK SHEPHERD and DELIA SHEPHERD,<br><br>    Plaintiffs,<br><br>    v.<br><br>S3 PARTNERS, LLC; ALARIS DEVELOPMENT; THE SHIELDS FOUNDATION; NORTHWEST CONSULTING GROUP, LLC; CORINTHIAN WEALTH MANAGEMENT; GOLDEN CREST WEALTH MANAGEMENT; PIERCE ARROW INVESTORS, LLC; LIVINGSTONE CAPITAL; STAGECOACH RETAIL, LLC; SONTERRA RETAIL CENTER, LLC; MICHAEL SIMS; SAM STAFFORD; MELVIN RUSSELL SHIELDS; DAVID VAUGHN; DAVID SAMUELS; CHASTAN SHIELDS; DOUG BURKE,<br><br>    Defendants. | No. C-09-01405 RMW<br><br>ORDER GRANTING IN PART MOTION FOR ADMINISTRATIVE RELIEF TO EXCLUDE MATTER FROM THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM AND REFERRING CASE TO A SETTLEMENT CONFERENCE<br><br>**[Re Docket No. 94]** |

Defendants S3 Partners, LLC; Northwest Consulting Group, LLC; Livingstone Capital; Stagecoach Retail, LLC; Sonterra Retail Center, LLC; and Melvin Russell Shields (collectively, "movants") move to have this case removed from the ADR program for the Northern District of California. Movants' counsel represents that plaintiffs' counsel does not object, and no opposition was filed. Having considered the papers submitted and the record in this case, the court will remove

the case from the mediation program but will require the parties to participate in a settlement conference before a magistrate judge.

The court referred this case to mediation on August 27, 2010. Dkt. No. 54. The parties stipulated to several extensions of the deadline to complete mediation, so that certain depositions could be taken first. Dkt. Nos. 59, 64, 67. Those depositions have now been taken, but the case has not been mediated, and movants argue that mediation would not be fruitful. In light of movants' reluctance to mediate, the lack of opposition, and the advanced stage of the case, the court will remove the case from the mediation program. Nonetheless, the ADR Local Rules provide that litigants "are presumptively required to participate in one non-binding ADR process." ADR L.R. 3-2. Here, the court is not "persuaded that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use." *Id.* Thus, the court refers the case to a settlement conference with the magistrate judge to whom this case is assigned.

**ORDER**

For the foregoing reasons, this case is hereby removed from the mediation program. The parties are to participate in a settlement conference before Magistrate Judge Paul S. Grewal no later than January 20, 2012. It is the parties' responsibility to immediately contact Judge Grewal's chambers and schedule the settlement conference.

DATED: 10/20/2011

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge