UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK SHEPHERD and DELIA SHEPHERD,<br><br>                Plaintiffs,<br>    v.<br><br>S3 PARTNERS, LLC; ALARIS DEVELOPMENT; THE SHIELDS FOUNDATION; NORTHWEST CONSULTING GROUP, LLC; CORINTHIAN WEALTH MANAGEMENT; GOLDEN CREST WEALTH MANAGEMENT; PIERCE ARROW INVESTORS, LLC; LIVINGSTONE CAPITAL; STAGECOACH RETAIL, LLC; MICHAEL SIMS; SAM STAFFORD; MELVIN RUSSEL SHIELDS; DAVID VAUGHN; DAVID SAMUELS; CHASTAN SHIELDS; DOUG BURKE,<br><br>                Defendants. | Case No.: C 09-1405-RMW<br><br>**REPORT AND RECOMMENDATION FOR SANCTIONS**<br><br>**(RE: Docket No. 109)** |

On October 20, 2011, Judge Whyte referred this matter to the undersigned for magistrate judge settlement conference.[1] None of the defendant parties appeared at the settlement conference,

---

[1] *See* Docket No. 96.

1

Case No.: 09-1405
ORDER

scheduled for December 29, 2011.[2] The same parties also failed to appear on January 6, 2012, as ordered, to show cause why they should not be sanctioned for their December 29 failure to appear.[3] At the January 6 show cause hearing, Plaintiffs requested the court consider entering a dispositive sanction by striking Defendants' pleadings and entering default.

In light of Defendants' repeated failures to appear or otherwise respond to court orders, the undersigned agrees that the requested sanctions are warranted. Under the civil local rules, the court may refer the case to a judicially hosted settlement conference.[4] The undersigned construes Judge Whyte's October 20, 2011 settlement conference referral order to be part of the pretrial scheduling and management orders in this case.[5] Failure to adhere to the court-ordered ADR procedure, as set forth in the court's pretrial scheduling order, may subject the disobedient party to sanctions.[6] Such sanctions may include striking pleadings in whole or in part and rendering a default judgment against the subject party.[7]

---

[2] *See* Docket No. 108.

[3] *See* Docket No. 116. Defendants Livingstone Capital, Michael Sims, and Sam Stafford were erroneously included in the court's December 29 order to show cause. Livingstone Capital prevailed on summary judgment on all counts. *See* Docket No. 95. Based on Plaintiff's representations to the court at the January 6, 2012 show cause hearing, Michael Sims and Sam Stafford have filed for bankruptcy.

[4] *See* Civ. L.R. 16-8(a).

[5] *See, e.g.*, Fed. R. Civ. P. 16(a)(5) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as … facilitating settlement."); Civ. L.R. 16-10(b)(1) (providing that the court may use a subsequent case management order to establish deadlines for commencement and completion of any ADR proceedings).

[6] *See* Fed. R. Civ. P. 16(f)(C) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."). *See also Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594-595 (8th Cir. 2001) (affirming district court's authority to issue sanctions for failure to comply with pretrial order referring parties to mediation).

[7] *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Issuance of such dispositive sanctions is the proper domain of the presiding judge.[8] IT IS HEREBY RECOMMENDED that the presiding judge issue an order granting Plaintiffs' request that the answer of the non-appearing defendants be stricken, default entered, and a default judgment issued against them.

Dated: January 9, 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[8] Absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988).